## CALVIN HARRIS v. STATE OF NEBRASKA.

FILED DECEMBER 5, 1907.　No. 15,439.

1. **Rape: EVIDENCE: SUFFICIENCY.** Record examined, and found to contain sufficient evidence corroborating the testimony of the prosetrix to warrant the submission of the question of the defendant's guilt to the jury.

2. **Criminal Law: INSTRUCTIONS.** In a prosecution for rape, it is not error for the court to refuse an instruction as to the necessity for corroboration, where he has properly instructed the jury on that question on his own motion.

3. **Rape: EVIDENCE: PREVIOUS CHASTITY.** In a prosecution for rape upon a female child under 15 years of age, where the only competent evidence as to her age shows that she was less than 15 years old at the time of the commission of the act, the question of her previous chastity is immaterial, and it is not reversible error to refuse to submit that question to the jury.

4. **Information: SUFFICIENCY.** It is not commendable for the prosecuting attorney to use any word, abbreviation or letter in an information, designating the race or color of the defendant; but, where it appears that such designation cannot result in any prejudice to the substantial rights of the defendant, it is not a ground for quashing the information.

5. **Criminal Law: COMPLAINT.** A wife may sign and file a complaint against a husband in prosecutions for rape.

6. —— ——: **MISCONDUCT OF PROSECUTING ATTORNEY.** Where the question as to the alleged misconduct of the county attorney in conducting the prosecution has been submitted to and decided by the trial court on conflicting evidence, such decision will not be disturbed unless it is unsupported by the testimony and is clearly wrong.

7. —— ——: **EVIDENCE: REVIEW.** General assignments of error for the admission or rejection of evidence will not be discussed unless specifically called to the attention of the court by brief or oral argument, where no manifest error appears.

ERROR to the district court for Lancaster county. LIN-COLN FROST, JUDGE. *Affirmed.*

*Billingsley & Greene,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, J.

The plaintiff in error, who was the defendant in the court below, and who will be so designated in this opinion, was convicted in the district court for Lancaster county of the crime of statutory rape, and brings the case here for review.

His first contention is that the evidence is not sufficient to sustain the verdict, because there was no testimony introduced by the state corroborating the story of the prosecutrix. We learn from the record that the prosecutrix was the stepdaughter of the defendant; that he married her mother on the third day of July, 1900, and since that time she has been a member of his family. She testified, in substance, that she was born on the 26th day of July, 1891; that in the first part of the month of May, 1906, the defendant came into her room at their home in Lancaster county, Nebraska, and insisted on having sexual intercourse with her; that she finally consented, and he thereupon accomplished his purpose; that she became pregnant therefrom, and was delivered of her child on the 20th day of February following. Without going into details, it may be said that if her evidence is to be believed it is sufficient to establish defendant's guilt beyond a reasonable doubt. It further appears that she was examined by a reputable physician about the first of January, 1907, who testified that she was then pregnant with an eight months foetus; that she was a fully developed woman, and presented the appearance of having had a great deal of sexual intercourse. The evidence also shows that before the birth of her child, and before the defendant was ar-

Harris v. State.

rested, there was a conversation between the defendant, the prosecutrix and her mother in the office of the county attorney, in the presence of that officer and of two other persons; that in that conversation the mother taxed the defendant with being the author of the condition of the prosecutrix, which he denied, and, thereupon, the prosecutrix, becoming somewhat excited, charged him with being the author of her downfall, called his attention to a number of different times and places where he had had sexual intercourse with her, and the defendant remained silent and made no denial of her statement. It also appears that the defendant procured various kinds of medicines or nostrums, commonly used to cause menstruation or produce abortion in the early stages of pregnancy, and furnished them to the prosecutrix. This he did not deny, but explained the matter by saying that he procured them at the request of his wife. The prosecutrix testified that she knew nothing about that matter, and, as the wife was not permitted to testify, his explanation was left without denial. It further appears, however, that, when the defendant was confronted with the charge, he wanted to know if there was not some way in which it could be fixed up or settled. He stated, in the presence of the prosecuting attorney and two or three other persons, that he would give his property, all he had, and more too, if he could get it settled up. Again, the fact was plainly shown that the prosecutrix had never at any time been in the company of other men or boys; that her associations with the defendant were such as to afford ample opportunity for sexual intercourse between them; and so, taking all of the evidence together, it would seem that there was sufficient corroboration of the testimony of the prosecutrix to warrant the court in submitting the question of the defendant's guilt or innocence to the jury, and their finding on that question should not be disturbed by a court of review.

It is further contended that the court erred in refusing to give the third instruction requested by the defendant. This request related to the necessity for corroboration.

While it may be said for the instruction that it was substantially correct, yet, the court having instructed upon that question on his own motion, it was not error to refuse the defendant's request. The record shows that the instruction given by the court was in form and substance like the one given and approved in *Fager v. State*, 22 Neb. 332, *Hammond v. State*, 39 Neb. 252, and *Dunn v. State*, 58 Neb. 807. So it is clear that the defendant was deprived of none of his substantial rights by the court's refusal to give the instruction requested.

It is also claimed that the court failed to submit the question of the previous chastity of the prosecutrix to the jury, and it is contended that such failure is prejudicial error. The only competent evidence of the age of the prosecutrix which we find in the record shows that she was born on the 26th day of July, 1891; that the act of sexual intercourse complained of took place between her and the defendant in the early part of May, 1906. At that time the prosecutrix lacked more than two months of being 15 years old. This being the case, the question of her previous chastity was wholly immaterial. It may be further said that there is no evidence in the record from which a single unchaste act of hers, except with the defendant, can even be inferred. So there was no evidence to sustain a finding on that subject, and the court did not err in failing to instruct upon that point.

The defendant filed a motion to quash the information, because the letters "col." were placed therein after the defendant's name, and were also indorsed on the back thereof; and it is insisted that the court erred in overruling the motion. The argument is that it was the purpose and intent of the prosecution to designate the defendant as a colored man, or one of the African race, and thus discriminate against him and deny him the equal protection of the law. We think this contention is without merit. While it is not commendable for a prosecutor to designate the color of a defendant in a charge made against him, yet we fail to see wherein it would prejudice his

rights. Under the early common law, where the party indicted was of the degree of knight or some higher dignitary, it was required to set out in the indictment the name of the dignitary, and it was common to designate the defendant, not only by his name, but by his station in life, or by his profession, in order to meet the then requirements of certainty. But this has never been required or practiced in prosecutions in this country. It may be further said that the color of the defendant's skin and his physical characteristics would reveal the race to which he belonged; that the jury and the court would necessarily be apprised of the fact that he was a colored man without the designation complained of, and therefore such designation would not result in any prejudice to his substantial rights.

The defendant also filed a plea in abatement, in which it was charged that he had never had a preliminary examination, the foundation of that charge being the fact that the complaint before the magistrate was signed by his wife. It is insisted that, as the wife was not a competent witness and could not be permitted to testify against her husband, she therefore could not be permitted to file a complaint against him. The court sustained a demurrer to the plea, and the defendant alleges error. It was held in *Latimer v. State,* 55 Neb. 609, that a preliminary examination is a personal privilege, which may be waived. The same rule was also announced in *Coffield v. State,* 44 Neb. 417. It appears that the defendant in this case made no objection to the complaint filed before the justice, but waived his preliminary examination, and, if necessary, we might hold that he thereby waived his right to object to the complaint upon the trial of the cause. But, without deciding this question, we are inclined to think that the wife of a defendant can testify against him in a case of this character. It is true that the offense charged is against the prosecutrix, but it is also an offense against defendant's wife in the nature of adultery. In *Lord v. State,* 17 Neb. 526, this court held that the wife may

testify against the husband on a charge of adultery. It was also held in *Owens v. State,* 32 Neb. 167, that the wife is a competent witness against the husband on a charge of incest. If the wife is a competent witness in crimes of this nature, there would appear to be no reason for a contrary rule in a case of statutory rape. And so we are of opinion that the demurrer to the plea in abatement was properly sustained.

Defendant filed a motion in arrest of judgment, and now alleges error because the court overruled it. What we have said in disposing of the foregoing assignments renders it unnecessary to further discuss this question. The motion was properly overruled.

Complaint is also made of the misconduct of the prosecuting attorney. We find from an examination of the record that that matter was presented to the trial court by a motion for a new trial, and upon affidavits and other evidence was determined adversely to the defendant's contention. This being the case, the findings and judgment of the district court on that matter will not be disturbed, unless they are unsupported by the evidence and are clearly wrong. *Cunningham v. State,* 56 Neb. 691; *Clark v. State,* 79 Neb. 473.

The defendant concludes his brief with certain general assignments of error in the admission and exclusion of evidence. Our attention is not directed to any particular matter of that kind, and the assignments are too general to require consideration.

In conclusion, it is sufficient to say that a careful examination of the record fails to disclose any reversible error, and the judgment of the district court is therefore

AFFIRMED.