WALTER BENNETT V. STATE OF NEBRASKA.

FILED JANUARY 15, 1924. No. 23530.

1. **Rape.** The carnal knowledge of a female person under the age of 15 years is a rape, whether or not it be with her consent, provided the offender be more than 18 years old.

2. ———: CORROBORATIVE EVIDENCE. Corroborating evidence of the principal fact or ultimate act in a rape case may be circumstantial.

3. **Criminal Law:** HARMLESS ERROR. Error not prejudicially erroneous, whether in the giving of instructions or in the reception of evidence, is not sufficient to work a reversal.

4. **Rape.** SUFFICIENCY OF EVIDENCE. *Held*, in this case, that the evidence was ample to sustain the verdict and judgment in the district court.

ERROR to the district court for Douglas county: CARROLL O. STAUFFER, Judge. *Affirmed.*

*Raymond T. Coffey*, for plaintiff in error.

*O. S. Spillman, Attorney General* and *Lee Basye*, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE. DAY and GOOD, JJ., SHEPHERD, DISTRICT JUDGE.

Bennett v. State.

-. SHEPHERD, District Judge.

The charge was that the defendant, plaintiff in error in this court, was guilty of rape upon one Leona Roesnick, a female child of the age of 14 and previously chaste. A careful examination of the entire record convinces us that the evidence was sufficient to justify the jury in finding therefrom that the defendant enticed the girl to his house and there had illicit sexual intercourse with her. There was corroboration in the testimony of Leona's sister who witnessed the act, also in the fact that Leona disclosed what had transpired to her father a few days afterward, and otherwise. There was, however, no force used and the defendant was not guilty of forcible rape. The defendant was charged in due form, pleaded not guilty, was tried and convicted, and was sentenced to three years of imprisonment in the state penitentiary.

Defendant relies for reversal upon eight assignments of error, viz.: 1. Verdict contrary to law and to the evidence, and not sustained by sufficient evidence. 2. There was no sufficient corroboration of the evidence of the prosecutrix. 3. The court erred in overruling defendant's motion for a directed verdict at the close of the state's case, and again after all the evidence had been received. The court erred in giving its third, eighth, thirteenth, and fourteenth instructions.

The fact that the prosecuting witness went with the defendant to his home, and was there for several hours, is agreed to. It seems fairly certain that she was persuaded to go with him by the prospect of being taken to a picture show, or given a chance to earn some money by washing dishes for the defendant; and the latter insists that he did not misuse her in any way, but gave her and her little sister, who was with her at the time, something to eat, and paid her for some little housework which she did for him. But she testified that he laid her upon the bed, raised her skirts, opened her underclothing, and then proceeded to lie upon her and commit the sexual act. The little sister referred to testified that she saw him do this twice. The prosecutrix

said that he did it five times during the afternoon. Without pursuing the nauseating story further, it may be observed that the evidence bore details sufficient to prove penetration, though defendant insists that there was a total failure of proof in this respect. He further insists that nothing of the kind happened because he had hernial affliction which made it possible for him to have an erection, and destroyed all desire on his part for sexual intercourse. A physician, who had operated upon him after his arrest, considerably supported him in his statement, but another, called on the part of the state, swore that he had examined him, and that his condition was not such at all, giving very good reasons for his conclusion.

Further, it should be said that, while the defendant utterly denied it, the probation officer testified that he had admitted to her, upon being haled into juvenile court, that at the time of the described visit to his house he had sat upon the bed with the prosecuting witness and hugged and kissed her.

It is undisputed that the girl was 14, and the defendant in the neighborhood of 60. The evidence was ample to support the verdict, though a verdict of conviction on a charge of felony. The judgment and sentence of the lower court should therefore be affirmed, unless there was error in the admission of testimony, or unless there was no sufficient corroborating evidence, or unless the court erred in its instructions; for, by our law, the carnal knowledge of a female. child under the age of 15 amounts to a rape, if the offender be of the age of 18 or upwards. *Witty v. State,* 105 Neb. 411; *Wood v. State,* 46 Neb. 58.

The brief of the plaintiff in error, defendant, refers to no instance of error complained of in the reception or rejection of evidence, and to nothing in the conduct of the case falling under the head of errors occurring upon trial. No reversal can be had upon this assignment.

There is hardly more to the assignment that the court erred in holding that there was sufficient corroboration. For, as is evident from what has been before stated, there

was corroboration of the evidence of the complaining wit-
ness to quite an unusual degree.   It is not necessary, or
possible, that the corroboration extend to the ultimate fact
of the rape, the penetration.   Even testimony showing op-
portunity is corroboration which in some cases has been
held sufficient.   In the case of *Kotouc v. State,* 104 Neb.
580, it was said that "corroborating evidence of the prin-
cipal fact may be unnecessary.   *Hammond v. State,* 39
Neb. 252.   Corroboration may consist of circumstantial evi-
dence."   In the *Kotouc* case, *supra,* it was held, in the
matter of the rape of an orphan 14 years old, that testimony
of a search which her brothers made for her, while she
was absent from her former home awaiting accouchement,
was admissible to corroborate her evidence.

This naturally brings us to the assignment that the court
was in error in giving his eighth instruction.   Said instruc-
tion was on the express point last considered, and told the
jury, in substance, that there must be some testimony cor-
roborating the prosecuting witness in order to warrant a
conviction, but that it was not essential that she should be
corroborated by the testimony of other witnesses as to the
particular act constituting the offense.   The instruction
went on to state that, if she was corroborated as to material
facts and circumstances tending to support her testimony,
such corroboration would be sufficient.   We can find no
error in this instruction.

Another assignment is that the court erred in limiting
the evidence of the commitment of the prosecuting witness
to the Good Shepherd's Home to the question of her credi-
bility.   This appears in the thirteenth instruction.   It is
argued with some force that, inasmuch as the state produced
the witness Dr. Marcha Young to testify that she had found
Leona to have a ruptured hymen and much congestion of
her private parts shortly after the latter had confessed to
her father, and inasmuch as this was corroborative of
Leona's testimony, the limitation referred to had the effect
of giving conclusive weight to the testimony of said wit-
ness.   But the reason for the limitation given by the court

in said instruction was that any moral delinquency, incorrigibility, or unchastity on the part of the prosecutrix would not affect the guilt of the defendant, if it were found by the jury that she was under the age of 15 years. Furthermore, the testimony of Dr. Young was only a small part of the corroborating evidence. And, in the third place, the mere fact that the girl had been previously sent to the Good Shepherd's Home would be no evidence in itself of her lack of chastity. And, finally, the court is of the opinion that it was incumbent upon the defendant, if he would avail himself of the point urged, to have offered an instruction bearing upon the situation. The court adopted the express language of all instructions offered by the defendant, though refusing them *pro forma*. For these reasons, we are of opinion that there is no merit in the contention of the defendant upon this assignment.

A further contention of the defendant is that the court committed reversible error in giving its instruction numbered 3, as follows:

"By the words 'reasonable doubt,' used in this charge, is meant an actual, substantial doubt of guilt arising in your minds from the evidence or want of evidence in the case. If, after a careful and impartial consideration of all the evidence, the jury have an abiding conviction of the guilt of the defendant, and are fully satisfied to a moral certainty of the truth of the charge made against him, then you are satisfied beyond a reasonable doubt." *Gammel v. State,* 101 Neb. 538.

But we think that the succeeding part of the instruction is enough to cure the error. For in that part the court puts it clearly that the jury can be satisfied, beyond a reasonable doubt, only if it has an abiding conviction of the guilt of the defendant, and is fully satisfied to a moral certainty of the truth of the charge made against him, after a careful and impartial consideration of all the evidence. The jury is thus told that, in order to be convinced beyond reasonable doubt, it must be convinced from the evidence, and not from any lack of evidence. We think that this

brings it within the rule announced by Judge Sedgwick in *Goemann v. State*, 94 Neb. 583. The language used by the late justice was as follows:

"The instruction of the court defining a reasonable doubt is complained of. In that instruction the court said that a reasonable doubt 'is an actual, substantial doubt arising either from the evidence or want of evidence in the case.' The instruction is quite comprehensive, and, when considered as a whole, we do not think the language complained of was misleading."

This case stands unreversed, and the reasoning seems applicable in the case at bar. And particularly should this view obtain, because the court in its second instruction told the jury that the plea of not guilty by the defendant cast upon the state the burden of establishing, by evidence, all of the material allegations and elements contained in said information. We do not think that the instruction misled the jury, and are convinced that no miscarriage of justice occurred by reason of the same, or by the verdict returned. Consequently, the judgment should not be set aside. Comp. St. 1922, sec. 10186.

No argument is made in the brief of the defendant as to instruction fourteen. Examining the same, no error is apparent.

The verdict and judgment seem to be right, and, no reversible error appearing in the record, the judgment of the district court is

AFFIRMED.