ELMER SCHLEGEL V. STATE OF NEBRASKA.
10 N. W. (2d) 264

FILED JUNE 11, 1943. No. 31573.

*Craft, Edgerton & Fraizer,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Carl H. Peterson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Defendant (plaintiff in error), prosecutes error from conviction and sentence for statutory rape upon a female child 14 years of age. The information charges, in substance, that on or about January 15, 1940, in Hamilton county, Nebraska, defendant, a male person over 18 years of age, did unlawfully and feloniously carnally know and abuse a female child under 15 years of age, who was not his sister or daughter. To this information defendant pleaded not guilty. Upon trial to a jury he was found guilty with a recommendation for leniency. Motion for new trial was overruled and the trial court sentenced defendant to imprisonment in the Nebraska state penitentiary for 3 years (the minimum sentence, see section 28-408, Comp. St. 1929) at hard labor, no part of which should be in solitary confinement, and that he pay the costs of prosecution.

Defendant's assignments of error are: That confessions made by him were not voluntary but given under threat or promise, and erroneously admitted in evidence; that the trial court erred in its refusal to permit a witness for defendant to answer impeaching questions; erred in giving instruction No. 5, and in refusing to give defendant's requested instruction No. 2; and that the verdict of the jury is not sustained by the evidence.

The record discloses that at the time of the trial defendant was married and 51 years of age. The female child involved was born on January 6, 1926. Her mother died when she was 6 years of age. She lived with her grandparents until 8 years old, when she and a younger brother went to live with defendant and his wife. She continued to live in this home until in the summer of 1942 at which time she ran

away. At defendant's request the sheriff brought her back, and at a hearing in the county court she made disclosures which resulted in the filing of the information against defendant.

The evidence is that defendant treated her like a father until she was 13 years old, when he began an unworthy fondling of her person. On two occasions during November and December, 1939, in his own home, while his wife was at church, defendant attempted an overt act with the child which was physically impossible on her part. On a Wednesday night between her 14th birthday on January 6, 1940, and January 29, 1940, defendant's wedding anniversary, the act charged was completed, and it occurred many times thereafter.

Defendant's contention that confessions made by him were erroneously admitted in evidence is without merit. In this connection the evidence is that defendant was present when the hearing was had in the county court. After this hearing the sheriff called defendant on the telephone and the latter voluntarily came to the sheriff's office. Before defendant was placed under arrest, and in the presence of the chief of police who was present on other matters of business and not by design, the sheriff questioned defendant who voluntarily made oral confession of misconduct with the child.

The county attorney was then called to the sheriff's office and defendant voluntarily made a statement which the county attorney reduced to writing as defendant recited the story. It was then read by defendant, after which he signed it and the sheriff and the chief of police signed as witnesses. The county attorney then called a stenographer to the sheriff's office. In her presence and in the presence of the sheriff and the chief of police the county attorney questioned defendant concerning his conduct with the child and he answered in detail. The stenographer took down the questions and answers in shorthand and thereafter transcribed her notes to a typewritten manuscript. She appeared and testified at the trial from her original notes, and

the original typewritten manuscript made from them was produced in court for inspection of defendant's counsel. In these questions and answers defendant identified the previous statement made and signed by him, answered that it was read carefully by him, and that it was freely and voluntarily made, signed and delivered without threat or promise of reward. This is verified by the sheriff, the chief of police, and the stenographer, all of whom testified at the trial.

In this connection the trial court properly gave protection to every right of defendant. All the evidence concerning the character of these admissions and confessions was first taken out of the presence of the jury. Defendant's counsel had opportunity to, and did, freely cross-examine the witnesses, and defendant himself took the stand and testified about all the circumstances under which they were taken. The preliminary rules safeguarding defendant's rights, as approved by this court in *Tramp v. State,* 104 Neb. 222, 176 N. W. 543, and *Stagemeyer v. State,* 133 Neb. 9, 273 N. W. 824, were meticulously followed by the trial court before the evidence was admitted in the presence of the jury.

Before the jury were recalled, and before defendant's confessions were admitted in evidence for the jury's consideration, the court affirmatively passed upon the question of whether defendant's confessions were voluntary and admissible; and thereafter in instruction No. 14 the court clearly and carefully submitted such matters to the jury for their consideration. For a discussion of the duties of the court and jury in such cases, see note in 85 A. L. R. 870 *et seq.* The trial court, at defendant's request, went beyond present requirements of the law (see *McCartney v. State,* 129 Neb. 716, 262 N. W. 679, and *Koch v. State,* 130 Neb. 119, 264 N. W. 172), and by instruction No. 15 told the jury, in substance, that in weighing the testimony of the sheriff and chief of police greater care should be exercised than with the testimony of other witnesses who are not police officers or employed in hunting up evidence against persons

who are charged with crime, because of the natural and unavoidable tendency and bias of mind of such officers to construe everything as evidence against one who is accused and because of the natural desire of such officers to secure confessions or admissions by one accused of the crime.

The law is that statements freely and voluntarily given, or made and signed, by defendant which are not induced by threats, or promises, wherein he admits the commission of the crime for which he is being tried, are competent to be received in evidence. *Ringer v. State,* 114 Neb. 404, 207 N. W. 928. A stenographer who recorded voluntary statements of the accused in shorthand at the time they were made, may, when sworn as a witness, read the shorthand notes as evidence, if such statements, when extended to script or print, would be admissible. *Fields v. State,* 125 Neb. 290, 250 N. W. 63.

Defendant's assignment that the trial court erred in refusing to permit a witness for defendant to answer impeaching questions is without merit, and answered fully in *Harris v. State,* 80 Neb. 195, 114 N. W. 168, holding that, in a prosecution for statutory rape, the question of the previous chastity of the female child under 15 years of age at the time of commission of the act is immaterial, and the trial court should sustain appropriate objections to proffered evidence thereon. The child involved in the case at bar would not have been 15 years of age until January 6, 1941. The questions asked had reference to her alleged immoral conduct in January or February, 1940, clearly involving a wholly collateral issue, and objections thereto were properly sustained.

Instruction No. 5 given by the trial court was not prejudicially erroneous. A discussion of this alleged error also disposes of defendant's contention that the trial court erred in refusing to give defendant's requested instruction No. 2. Defendant's counsel concedes it to be the law in such a prosecution that other offenses of like nature by defendant upon the child may be shown, but insists that instruction No. 5 permitted the jury to consider other offenses after she was 15 years of age.

The instruction lacks perfection, but the law in a criminal case is that error not prejudicially erroneous, whether in the giving of instructions or in the reception or rejection of evidence, is not sufficient to require reversal. *Bennett v. State,* 111 Neb. 552, 196 N. W. 905. See, also, Comp. St. 1929, sec. 29-2308.

The reviewing court considers all the evidence and all the instructions given to the jury in determining whether a particular instruction is prejudicially erroneous. The evidence and instructions given do not support defendant's contention. The only offense for which defendant was tried, and the first in which the act was completed, took place on or about January 15, 1940, at which time the child was only 14 years of age. Thereafter defendant committed many such offenses upon the child, but there is no evidence of the dates upon which they occurred. In answer to a direct question the child asserted that defendant quit after her fifteenth birthday, and that is all the evidence in the record upon the matter except defendant's own corroborative confessions, in which he said, on July 25, 1942, "I haven't had anything to do with her for over 18 months, almost two years." The jurors could not have misunderstood the date of the offense charged, nor have been misled by the instructions, and no error prejudicial to defendant appears. His own first defilement of the child could be no defense for the last in any event. *Bailey v. State,* 57 Neb. 706, 78 N. W. 284; *Blair v. State,* 72 Neb. 501, 101 N. W. 17; *Nabower v. State,* 105 Neb. 848, 182 N. W. 493.

The precedent, *Abbott v. State,* 113 Neb. 524, 206 N. W. 153, relied upon by defendant, is distinguishable in so many respects as to be wholly dissimilar, and has no application to the facts and circumstances of the case at bar.

We have examined the record with great care, and can only conclude that the evidence is amply sufficient, supports the verdict of the jury beyond a reasonable doubt, and no substantial miscarriage of justice has occurred. The child involved testifies positively and consistently to facts establishing the *corpus delicti.* Defendant's confessions and oth-

er evidence of opportunity and disposition on part of defendant to commit the crime furnish sufficient corroboration. The law is that in a prosecution for statutory rape it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. *Mayo v. State,* 127 Neb. 227, 254 N. W. 887; *Haynes v. State,* 137 Neb. 69, 288 N. W. 382.

We find no error prejudicial to defendant, and the judgment is affirmed.

AFFIRMED.