PEARL RANDOLPH V. STATE OF NEBRASKA.

FILED JULY 10, 1902. No. 12,696.

1. **Jury: CHALLENGE FOR CAUSE: REGULAR PANEL: SPECIAL VENIRE: CODE OF CIVIL PROCEDURE: CHALLENGE TO ARRAY: SITTING AT SAME TERM.** It is not a good ground of challenge for cause, under the provisions of section 665, Code of Civil Procedure, that a juror who has been summoned on the regular panel, which has been quashed on a challenge to the array, has again been summoned under a special venire at the same term of court; nor would the challenge be good had the juror sat in a cause tried at the same term of court before the challenge to the array was sustained.

2. **Special Venire: QUASHING PANEL.** Alleged irregularities in the issuance of a special venire after the quashing of the regular panel of jurors, which have in nowise been called to the attention of the trial court, nor mentioned in the motion for a new trial, can not be considered in the appellate court on review by proceedings in error.

3. **Admission of Evidence: ERROR.** Alleged error in the admission of certain evidence, examined, and found not well taken.

4. Forgery: FICTITIOUS NAME. The signing of a fictitious name of a person to an instrument which is the subject of a forgery, with an intention to defraud, is a false and fraudulent making of such instrument, and constitutes the offense of forgery.

ERROR from the district court for Merrick county. Tried below before HOLLENBECK, J.   *Affirmed.*

*W. T. Thompson,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *George W. Ayres,* for the state.

HOLCOMB, J.

The defendant was informed against and convicted of forging and uttering a forged check for the payment of the sum of $76.50. By proceedings in error, he brings the record of his conviction here for review.

The ruling of the trial court on his challenge to certain proposed jurors for cause, who were impaneled to try the question of his guilt, is assigned as error. The three jurors were challenged for cause on the ground that they had been summoned to attend court, and had attended as jurors, within two years next prior to the time they were called in the case at bar, and the challenges interposed, and were therefore disqualified under the provisions of section 665 of the Code of Civil Procedure. This section provides, in substance, that it shall be a sufficient cause of challenge to any juror called to be sworn in any cause that he has been summoned and attended said court as a juror at any term of said court held within two years prior to the time of such challenge. The force and effect of this section of the statute have been considered and construed in the cases of *Marion v. State,* 20 Nebr., 233; *Wiseman v. Bruns,* 36 Nebr., 467; and *Coil v. State,* 62 Nebr., 15, and we need not now further elaborate thereon. The facts, as disclosed by the record and voir-dire examination, which it is claimed disqualified the jurors when challenged, appear to be that the three several jurors had been sum-

moned as a part of the regular panel to appear at the same term of court at which the defendant was tried, and on the defendant's application, by a challenge to the array, the regular panel summoned to serve at that term was quashed. One of the jurors, it appears, had served in one action which had been tried before the quashing of the panel. After the challenge of the defendant to the array had been sustained, and the regular panel quashed, the three jurors objected to were summoned on a special venire ordered by the district court. The alleged disqualification does not, in our judgment, come within the provisions of the statute referred to. The statute says summoned and attended as jurors at a term of court held prior to the time the challenge is interposed. These jurors had been illegally selected and summoned for the same term at which the defendant was tried, and one had served in one cause tried before the trial of the defendant. Such facts would not render them disqualified, by reason of the statute mentioned, from serving as jurors in any cause tried at any time during that term of court. No error was, therefore, committed in the rulings complained of.

Some complaint is made as to the issuance of the special venire after the quashing of the regular panel; but as no objection was made in the trial court, and its attention in nowise called to the alleged irregularity, nor was the matter mentioned in the motion for a new trial, we can not, therefore, now consider it.

Complaint is made because of the admission of certain evidence wherein the complaining witness was allowed to testify that he registered in a book he kept for that purpose the name given by the defendant as buyer of certain property given in exchange for the check at the time of uttering the instrument, which was the name of the payee, and which was indorsed on the back of the check when it was transferred to the complaining witness. The evidence was but a part of the transaction connected with the transfer of the alleged forged paper from the defendant to the complaining witness, which constituted the offense

charged, of uttering and publishing the forged paper, and was admissible as a part of the *res gestæ*. The statement was also only an incident to the testimony of the witness regarding the main fact sought to be proved, as to the name the defendant represented himself to possess at the time he disposed of the forged instrument, concerning which it was altogether proper to give testimony.

It is also argued that the evidence is insufficient to sustain a verdict of guilty of forgery and uttering a forged instrument. To support this contention, counsel relies, if we understand him correctly, on the proposition that the signing of a fictitious name to an instrument which may be made the subject of a forgery would only be a fraud and would not constitute the crime of forgery. We can not assent to this doctrine. We think the rule is well settled, and it is supported by authority, that by signing falsely and fraudulently the name of a fictitious person to an instrument, such as a check, promissory note, etc., as well as that of a real individual, in both cases there being an unlawful and criminal purpose to defraud, the offense of forgery is committed. 1 Bishop, Criminal Law, sec. 572, and vol. 2, sec. 543. Says the supreme court of Michigan, in a case very similar in its general aspects to the one at bar: "It is next argued that the names to the order were fictitious, and therefore the crime of forgery was not committed. The common-law definition of 'forgery' is a 'false making, or a making *malo animo* of any written instrument with intent to defraud.' The present case is clearly within this definition. The authorities, moreover, lay down the rule as follows: 'Signing fictitious names, or the names of nonexisting firms or persons, to an instrument, with an intention to defraud, is a false making and constitutes forgery.'" *People v. Warner,* 62 N. W. Rep., 405. In support of the same doctrine may be cited *Davis v. State,* 29 S. W. Rep. [Tex. Cr. App.], 478; *State v. Hahn,* 38 La. Ann., 169; *State v. Vineyard,* 40 Pac. Rep. [Mont.], 173; *State v. Wheeler,* 10 L. R. A. [Ore.], 779, and authorities cited in the foot-notes. *Com-*

*monwealth v. Chandler,* Thatcher's Criminal Cases, [Mass.], 187.

In any view of the case, the evidence is amply sufficient to sustain the verdict of the jury; and, the record being free of prejudicial error, the judgment of conviction should be affirmed, which is accordingly done.

AFFIRMED.

NOTE.—*Forgery.*—*Fictitious Name.*—*Evidence.*—As to forgery and falsely personating another, see 2 Russell, Crimes [ed. 1896], 575, 770; as to forging of receipt, see same, Appendix M. In case of a forged receipt, it is proper to inquire into the pecuniary condition of the person in whose favor the said receipt purports to have been given, at or about the time of the date of the receipt. *State v. Henderson,* 29 W. Va., 147. Where the forged name is supposed to be fictitious, the testimony of a police officer acquainted in the place where the person is supposed to live is competent to show that no such person lives there. The extent of his search and his opportunities go to the weight and not to the competency of the testimony. *State v. Hahn,* 38 La. Ann., 169; *People v. Sharp,* 53 Mich., 523. To rebut the presumption of innocence through ignorance, previous statements made by the defendant, relating to other forged papers in his possession prior to the commission of the offense, are admissible in evidence. *The King v. Mahukaliilii,* 5 Hawaiian Rep., 96. A person may be guilty of forgery in fraudulently signing his own name, when it is identical with the person who should have signed. *United States v. Long,* 30 Fed. Rep., 678. The last case was where a person presented a money order payable to a person with the same name as himself. The gravamen of the offense is the fraudulent intent.—W. F. B.