THOMAS J. SHEIBLEY v. FRANKLIN D. FALES.

FILED FEBRUARY 22, 1906.    No. 13,897.

Libel: INSTRUCTION. Where the publication of a libel actionable *per se* is admitted and justification pleaded, it is error to instruct the jury that the burden is on the plaintiff to establish the allegations of his petition.

ERROR to the district court for Dixon county: GUY T. GRAVES, JUDGE. *Reversed.*

*George W. Argo* and *W. E. Gantt,* for plaintiff in error.

*C. A. Irwin, McCarthy & McCarthy* and *J. V. Pearson,* contra.

DUFFIE, C.

The plaintiff in error brought this action in the district court for Dixon county, claiming damage from the defendant in error on account of a publication made by the latter and which is alleged to be libelous. The defendant, in his answer, admitted the publication, and alleged that the same was true and published with good motives and for justifiable ends. A trial resulted in a verdict for the defendant, upon which the court entered judgment, and the plaintiff has brought the case to this court on error.

The first assignment of error to which our attention

is called is a ruling of the court refusing to suppress the
deposition of John H. Brown, taken at Denver, Colorado,
on March 8, 1904, on behalf of the defendant. The motion
to suppress is based upon the fact that the notice given
of taking such deposition recited that it would be taken
"at the office of Skelton & Morrow, in the Quincy Build-
ing, in the city of Denver, county of Arapahoe and state
of Colorado." It is urged that the place of taking the
deposition is not specific, and that the street upon which
the building is located and the number should have been
stated in the notice. For many years it has been cus-
tomary in most of our large cities to designate by some
name the principal office buildings erected in the city. In
Omaha we have the New York Life, the Bee Building, the
Paxton Building, etc. In Lincoln, the Fraternity Build-
ing, Burr Block, etc.; and these buildings are as readily,
if not more easily, found by the name under which they are
known, than by giving the street and number of their
location. This custom has become so general that we will
take judicial notice that an office building thus designated
is as definitely pointed out as by giving the street and
number. In the absence of a showing that the Quincy
Building could not be found on reasonable inquiry, we will
presume that it is a building of the character above men-
tioned, and that the notice was sufficient.

Prior to the opening of the trial the court quashed the
regular panel of jurors on the ground that it was illegally
drawn. Thereupon the court ordered the sheriff to sum-
mon 24 competent jurors from the body of the county.
Among the jurors thus summoned were several who had
been drawn upon the regular panel. A motion to quash
the panel thus summoned, upon the ground that many of
the panel were jurors drawn upon the regular panel, was
overruled by the court, and, on impaneling the jury for the
trial of the case, objection was made to several jurors upon
the ground that they had been summoned as jurors within
two years, this being based upon the fact that they had
been summoned upon the regular panel for the term which

had been quashed on plaintiff's motion. These objections were overruled by the court, and this ruling is assigned as error. The questions raised were fully discussed in *Randolph v. State*, 65 Neb. 520, and it was there held that it was not good ground for challenge that a juror who had been summoned on the regular panel, which had been quashed on a challenge to the array, has again been summoned under a special venire at the same term of court. With this holding and the reasons given we are entirely content, and hold, therefore, that the plaintiff in error has no cause to complain of the ruling of the trial court in this respect.

Exceptions were taken to the twelfth instruction of the court as follows: "You are instructed that in this case the burden of proof is upon the plaintiff, and, before he can recover in this case, it is for him to prove, by a preponderance of the evidence, all the material allegations of his petition, and if the evidence upon any one or more of the material allegations of the petition is evenly balanced or preponderates in favor of the defendant, then the plaintiff cannot recover, and your verdict should be for the defendant." The third and fourth instructions given by the court are as follows: "(3) The jury are instructed that the article complained of in plaintiff's petition is libelous *per se,* and that the law presumes that such a libel is false; that the defendant published the article maliciously, and that the plaintiff has been damaged by such publication. (4) The jury are instructed that the defamatory article complained of in the petition was published of and concerning the plaintiff." The jury must be governed by the instructions given them by the court. The third and fourth instructions informed them that the article complained of was libelous *per se;* that the law presumed it to be false; that the defendant acted maliciously in making the publication, and that the plaintiff had suffered damage therefrom. The defendant had admitted the publication. Under these conditions the plaintiff's case was made. Had the case been submitted to the jury upon the pleadings,

they should have found for the plaintiff for at least nominal damages, as the court had correctly informed them that a libelous article was presumed to be false and injurious to the plaintiff. ' As the case then stood the burden was upon the defendant to justify the publication, and it was prejudicial error to so instruct as to place the burden of proof on the plaintiff.

Other errors are assigned and argued, but the questions raised have mostly been determined in the case of *Sheibley v. Huse, ante,* p. 811, and need not be further considered.

For the error above pointed out, the judgment of the district court should be reversed and the cause remanded for another trial, and we so recommend.

ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.