Samuels v. State.

FRANK SAMUELS v. STATE OF NEBRASKA.

FILED JUNE 2, 1917. No. 19888.

1. **Criminal Law:** REFUSAL OF INSTRUCTION. It is not error to refuse a requested instruction confined to a proposition of law correctly stated to the jury in another form.

2. **Information:** INDORSEMENT OF WITNESS. Under the Criminal Code as amended in 1915, it is within the discretion of the court to permit the county attorney to indorse on the information, after the trial has commenced, the name of an additional witness. Laws 1915, ch. 164.

3. **Criminal Law:** INSTRUCTIONS. Where the charge to the jury, considered as a whole, correctly states the law, the verdict will not be reversed by the appellate court merely because a single instruction, when considered separately, is incomplete.

ERROR to the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*T. J. Doyle,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Charles S. Roe,* contra.

ROSE, J.

In a prosecution by the state in the district court for Lancaster county, Frank Samuels, defendant, was convicted of stealing an automobile belonging to Ferdinand Rucklos, and for that offense was sentenced to serve in

the penitentiary a term of not less than one year nor more than seven years. As plaintiff in error he presents for review the record of his conviction.

During the evening of August 11, 1916, Rucklos drove his automobile to the pleasure resort at Capital Beach, where his family had gone in the afternoon for a picnic. When the car was unoccupied, defendant took possession of it and drove out of the grounds. Before noon of the following day, he appeared at Fairfield, Iowa, and there offered the car for sale. News that it had been taken from Capital Beach soon reached the sheriff at Fairfield. In the meantime the initials of Rucklos had been removed from the body of the car. Defendant left it at a garage. Within two hours he was arrested a few miles from Fairfield while attempting to escape on foot, and promptly confessed to the taking of the car.

One of the assignments of error is the refusal of the trial court to give a requested instruction that, if the owner of the automobile was within the jurisdiction of the court, it was incumbent upon the state to prove by him that he did not consent to defendant's taking of his automobile. In this respect the charge as a whole gave defendant the benefit of the law invoked by him. It is not error to refuse a requested instruction confined to a proposition of law correctly stated to the jury in another form. The trial court instructed that nonconsent of the owner is a material element of the crime, and must be proved beyond a reasonable doubt; that the owner's testimony is the best evidence on that issue; that where he is not called as a witness, if his absence is "satisfactorily accounted for," his "nonconsent may be proven by circumstantial evidence, that is, the facts and circumstances as proven must be such as to exclude every reasonable presumption that the owner consented to the taking." The proof seems to warrant these statements, and they contain the substance of the rule embodied in the rejected instruction requested by defendant. It may fairly be inferred from the testimony that Rucklos was not within the juris-

diction of the court at the time of the trial. The jury were justified in finding that his automobile was taken without his consent. The assignment is therefore overruled.

Another assignment of error relates to the indorsement of the name of a witness on the information after the trial had commenced. The statute relating to the filing of an information has been changed to provide that the county attorney shall "indorse thereon the names of the witnesses known to him at the time of filing the same," and that "at such time thereafter, as the court or a judge thereof in vacation, in its or his discretion, may prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him." Laws 1915, ch. 164. The statute formerly authorized the indorsement of additional names on the information "at such time before the trial of any case as the court may by rule or otherwise prescribe." Rev. St. 1913, sec. 9063. The purpose of the change is clear. The record shows that the court did not abuse its discretion in permitting the name of the witness to be indorsed on the information after the trial had commenced.

Defendant singles out one of the instructions, and argues that it permits the jury to find a larceny was committed without evidence establishing the crime beyond a reasonable doubt; that it assumes facts not proved; that it gives prominence to assumed facts; that it gives undue importance to the possession of the property; and that it withdraws from the jury evidence of defendant's good character. When the charge to the jury is considered as a whole, the law is correctly stated. An instruction preceding the one assailed enumerated the elements of the crime, and distinctly stated that each must be proved to the jury's satisfaction beyond a reasonable doubt. Another instruction correctly stated the law relating to evidence of defendant's good character. There was testimony relating to all of the matters mentioned in the instruction. The point is not well taken.

It is further argued that the court erred in refusing to give the following instruction requested by defendant:

"There must be evidence, aside from the statements of the defendant out of court, that the automobile was stolen, otherwise it is the duty of the jury to acquit the defendant."

Under the evidence the request was properly refused. The instruction is not limited to the rule that an extrajudicial confession is not of itself sufficient to establish the *corpus delicti*. There was other evidence tending to show that the automobile was stolen. In addition, statements of defendant not constituting a part of his confession were proper matters to be considered by the jury.

Error in the proceedings has not been shown. The judgment is therefore

AFFIRMED.