## WALTER BAKER V. STATE OF NEBRASKA.

### FILED DECEMBER 30, 1922. No. 22729.

1. **Criminal Law:** INFORMATION: ELECTION. Whether the attorney for the state shall be required to elect between different counts of the information is a matter resting in the sound discretion of the court, for an abuse of which only may error be assigned.

2. **Forgery:** STATUTES: REPEAL BY IMPLICATION. Chapter 296, Laws 1921, commonly known as the fraudulent chck act, did not repeal by implication the statute of forgeries as applied to checks.

3. **Criminal Law:** INSTRUCTIONS: ALIBI. Where all the evidence presented by defendant refers to the one defense of alibi, an instruction beginning, "You are instructed that the defense in this case is what is known as an 'alibi,'" is not prejudicially erroneous.

4. ———: ———: REASONABLE DOUBT. A definition of reasonable doubt, in an instruction, requiring it to be a doubt for which the jury can give a reason, is erroneous, but in this case *held* not prejudicial.

ERROR to the district court for Adams county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*J. E. Willits,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Charles S. Reed, contra.*

Heard before MORRISSEY, C. J., FLANSBURG, ALDRICH, LETTON and DAY, JJ., REDICK, District Judge.

REDICK, District Judge.

This is a prosecution for forgery, wherein the defendant was charged with forging and uttering four different checks at different times in separate counts, but the fourth count was dismissed, and defendant was tried and convicted on the three remaining. Some 45 errors are complained of, many of which are hypercritical and absolutely without merit. We have examined the record and the briefs with great care and find only the following questions in the record which require consideration:

1.  After the evidence of the state had been received, the defendant moved to require the county attorney to elect upon which count in the information he would rely for a conviction, and the overruling of this motion is alleged as error.  The cases of *Korth v. State,* 46 Neb. 631, *Bartley v. State,* 53 Neb. 310, and *Sheppard v. State,* 104 Neb. 709, hold that whether or not the state shall be required to elect between different counts of an information is a matter resting in the sound discretion of the trial court, "the determining question in each case being whether defendant has been embarassed or confounded in his defense."  It does not appear in this case that the defendant suffered any embarrassment by reason of the refusal of the court to require an election, and, therefore, no abuse of discretion on the part of the court is shown.  Plaintiff in error cites a number of cases to the point that, "when evidence has been introduced tending directly to the proof of one act and for the purpose of securing a conviction from it, an election is regarded as made of that act."  But where those cases sustain the proposition, as some of them do, they were for prosecutions charging only one crime, *e. g.,* adultery, or sale of intoxicating liquors, and it was held that under such a charge, the state having introduced evidence of one act, it had elected to rely thereon, and could not be permitted to introduce evidence of other acts of the same character.  They are not applicable here; the defendant in this case was sentenced as only upon one count.

2.  The subject of the several forgeries being checks upon banks, it is claimed that they do not constitute forgeries, but merely offenses, under the fraudulent check act of 1921, chapter 296, Laws 1921, and that the latter act repealed by implication the forgery statute so far as checks were concerned.  The fraudulent check act merely made it an offense to issue a check or order for the payment of money, upon any bank, knowing that the maker had no sufficient funds in or credit with such bank for the payment of such check in full.  This was a new and

distinct offense **and many of** the elements of the crime of forgery are not included therein. While there may be many cases in which it may be proper to prosecute either for forgery or issuing a fraudulent check, there are no cases in which only the elements of the latter crime are present which would warrant a prosecution for forgery; there is, therefore, no such repugnancy between the two statutes as to bring about a repeal by implication.

3. An affidavit sworn to before the county attorney by defendant while in jail, in which he stated that his true name was Walter Baker, and that he never went by the name of Charles R. Smith, or Clifford R. Smith, or Charles M. Smith, or Charles M. Whyte, was received in evidence over objection of defendant, that no proper foundation had been laid, and it was incompetent, irrelevant and immaterial. There was no direct evidence that the statement was made voluntarily, though, of course, he was under no obligation to make the affidavit, but he was under arrest at the time. However, defendant pleaded under that name without any suggestion that it was not his true name—the record shows that he signed an affidavit for process in that name and gave that name to the sheriff when he was arrested, which evidence was received without objection. Under these circumstances any error in receiving the affidavit was without prejudice.

4. Instruction No. 10 is criticized. It begins: "You are instructed that the defense in this case is what is known as an 'alibi.'" Defendant claims that thereby he was limited to that one defense. An alibi necessarily, from its very nature, denies every other fact charged, and it would have been better to have said "one of the defenses is an alibi," or words to that effect; but the statement was *literally* true; defendant produced no evidence on any other subject; he did not offer himself as a witness, nor call his wife in support of the alibi, although all his witnesses put them together at the places they claimed

to have seen him. Under this state of the record, we do not think the instruction erroneous; but, if so, it was clearly without prejudice. Other objections to this instruction are without merit.

5. Instruction No. 12 is as follows: "The jury are instructed that any defendant is presumed to be innocent until he has by sufficient proof been proved to be guilty, and it is the duty of the jury to give to the defendant the full benefit of this presumption and acquit him, unless the jury, from the evidence, believe that he has been proved guilty in manner and form as charged in the complaint, beyond a reasonable doubt."

It is urged that by this instruction defendant was deprived of the benefit of the presumption *as evidence.* While the instruction would be clearer if it were stated that the presumption was matter of evidence in favor of the defendant, the jury were told that it was their duty "to give to the defendant the full benefit of this presumption," etc., and we do not think it was prejudicial error. *Bartley v. State,* 53 Neb. 310; *Garrison v. People,* 6 Neb. 274.

6. Instruction No. 13 reads: "You are instructed that a reasonable doubt is what the word implies—a doubt founded in reason; a doubt for which you can give a reason; a doubt growing out of the testimony in the case, or lack of testimony; a doubt which would cause you to hesitate in the ordinary affairs of life. It is not a flimsy, fanciful, fictitious doubt which you could raise about anything and everything. It means a reasonable doubt. If, when all is said and done, you have such a doubt about the guilt of the accused, it is your duty to acquit him."

The objection goes to the phrase, "a doubt for which you can give a reason." That an instruction which requires that the jury be able to give a reason for the doubt which they may have is erroneous is decided in *Cowan v. State,* 22 Neb. 519, *Carr v. State,* 23 Neb. 749, and *Childs v. State,* 34 Neb. 236; and in the first of those

Baker v. State.

cases the error was held to be calculated to mislead; in the other two the question of prejudice was not referred to. Since those decisions, in 1921, the legislature passed an act, the material provisions of which are as follows:

"No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred." Comp. St. 1922, sec. 10186.

This statute was passed in response to a quite general demand that the strict rules of the common law through which the prisoner in many instances escaped or the prosecution was unreasonably delayed, by reversals upon merely technical grounds, should be modified, and power given to the courts to disregard errors and imperfections in the proceedings, when it appears from the record that the substantial rights of defendant have not suffered thereby. We think, under this statute, it is the duty of this court, in every case where error is shown, to determine this question of prejudice before reversing the judgment. A careful perusal of the record convinces us that the result would not have been different if a technically correct instruction had been given; and, indeed, taking the objectionable words in connection with the context and reading the entire instruction together, they appear to be absolutely harmless.

The evidence convicts the defendant of the crime charged beyond peradventure of a doubt, and we would not be justified in reversing the judgment under these circumstances.

AFFIRMED.