[Crim. No. 1269.  Second Appellate District, Division Two.—May 6, 1926.]

# THE PEOPLE, Respondent, v. ALLAN RODWAY, Appellant.

[1]  CRIMINAL LAW — FORGERY — CORPUS DELICTI — ADMISSIONS—EVIDENCE.—In this prosecution in which the defendant was charged in two counts with the crimes of forgery in connection with the making and uttering of two checks, the evidence tending to prove that an individual bearing the name of the person whose name was signed as maker of checks had known defendant for more than a year prior to the dates upon which the crimes charged against him were alleged to have been committed, that at one time defendant had lived "next door" to said individual, that the

latter did not make the signature appended to either of the checks involved in the charges, and that he had authorized no one to make either of them, was sufficient, aside from the extrajudicial statements made by defendant, to prove the *corpus delicti* under each count.

[2] ID.—GUILTY KNOWLEDGE—EVIDENCE—OTHER FORGED CHECKS.—In such prosecution, the *corpus delicti* having been proven under each of the charges made in the respective counts, by independent evidence, the extrajudicial statements of defendant were proper to be considered by the jury in determining any questions arising in the case and to which the statements had an application; and where there was evidence that defendant had admitted he had written a check (other than those embraced in the charges against him) on a certain person's account, forging said person's name, and there was evidence that an individual by that name had not affixed the signature to the check in question, that he had not authorized anyone to affix it, that he had an account in the bank on which the check was drawn, that the payee of the check received it from defendant, and that she cashed it and gave defendant a part of the proceeds, said check was properly admitted in evidence for the purpose of showing guilty knowledge.

[3] ID.—UTTERING OF CHECK—EVIDENCE.—In such prosecution, the allegation in the second count that defendant uttered, passed, and published the check therein mentioned was sufficiently proven by evidence that defendant presented the check to a teller at a bank for payment, that he then gave as his name the name used as payee in the check, that upon being asked to identify himself he fled, and that he was pursued several blocks, and was then caught and arrested.

---

(1) 26 **C. J.**, p. 971, n. 69.   (2) 26 **C. J.**, p. 970, n. 45, 47, 57.   (3) 16 **C. J.**, p. 589, n. 13, 14, p. 599, n. 1, 3; 26 **C. J.**, p. 971, n. 73.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Elliot Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. C. Hunting for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

---

2.   See  8 Cal. Jur. 168.
3.   See 12 Cal. Jur. 655, 656.

WORKS, J.—Defendant was charged in two counts with the crimes of forgery. The first count related to a check signed "J. A. McCaleb," payable to S. De Giric and indorsed "S. De Giric." The second count concerned a check signed "J. A. McCaleb," payable to H. Foley and indorsed "H. Foley." Defendant was found guilty on both counts. He appeals from the judgment of conviction and from an order of the trial court denying his motion for a new trial.

[1] It is contended that aside from certain extrajudicial statements made by appellant the evidence was insufficient to prove the *corpus delicti* under either count. Excluding the extrajudicial admissions of appellant there was evidence under each count which tended to prove that an individual named J. A. McCaleb had known appellant for more than a year prior to the dates upon which the crimes charged against him were alleged to have been committed; that at one time appellant had resided "next door" to McCaleb; that the latter did not make the signature appended to either of the checks involved in the charges; and that he had authorized no one to make either of them. This evidence was sufficient to prove the *corpus delicti* under each count (*People* v. *Flores,* 34 Cal. App. 393 [167 Pac. 413]; *People* v. *Lundin,* 120 Cal. 308 [52 Pac. 807]; *People* v. *McGlade,* 139 Cal. 66 [72 Pac. 600].)

[2] For the purpose of showing guilty knowledge the trial court admitted in evidence a check signed "A. Gloege" and made payable to Mrs. M. Moyer. It is insisted that in this respect the trial court erred for the reason that, aside from the extrajudicial admissions of appellant, there was no sufficient evidence that the check was a forgery. But the admissions of appellant are not properly to be laid aside in determining whether the check was admissible. The *corpus delicti* having been proven under each of the charges made in the respective counts, by independent evidence, the extrajudicial statements of appellant were proper to be considered by the jury in determining any questions arising in the case and to which the statements had an application (8 Cal. Jur., tit. "Criminal Law," secs. 248, 249, and cases cited); and there was evidence that appellant admitted that he had "written a check on Mr. Gloege's account,

77 Cal. App.—50

forging Mr. Gloege's name." In addition to this admission, however, there was evidence that an individual named A. Gloege had not affixed the signature to the check now in question; that he had not authorized anyone to affix it; that he had an account in the bank on which the check was drawn; that the payee of the check, Mrs. Moyer, received it from appellant; and that she cashed it and gave appellant a part of the proceeds. The Gloege check was properly received in evidence.

[3] It is alleged in the second count of the charge against appellant that he uttered, passed, and published the check therein mentioned. It is now contended that the evidence was insufficient to prove this allegation. There was testimony that appellant presented the check to a teller at a bank for payment, that he then said his name was H. Foley, that upon being asked to identify himself he fled, and that he was pursued several blocks, and was then caught and arrested. This evidence proved the allegation in question (12 Cal. Jur. 655, 656, and cases cited), although we do not decide whether it was necessary to be proven in view of the fact that it was alleged and proven that appellant was guilty of forgery in affixing the name "J. A. McCaleb" as a signature to the instrument in question.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.