EDWARD E. BULLINGTON v. STATE OF NEBRASKA.

FILED JULY 1, 1932. No. 28277.

*I. C. Bachelor,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

DEAN, J.

Edward E. Bullington was informed against in the district court for Red Willow county and there charged under three counts of an information with the forgery, possession, and the false uttering and publishing of a certain check for $50, well knowing such check to be fraudulent and of no value. The jury found the defendant not guilty as to count one and guilty as to count three. Count two of the information was withdrawn. A motion for a new trial was denied and the defendant was thereupon sentenced under count three to serve a term of two years in the penitentiary. He prosecutes error.

It is argued that the court erred in refusing to sustain a motion of the defendant requiring the state's counsel to elect upon which count of the information he would rely in the premises; and this on the alleged ground that "only one crime was charged in the three counts." We do not find that the court erred in the above ruling. As above noted, under count one of the information it is charged that the defendant forged the check in question at a certain time and place, and, under count two, that he possessed the forged check with intent to utter it as genuine, and, under count three, that he uttered the forged check as genuine with intent to defraud. Clearly,

the counts all relate to but one transaction and not to separate and distinct offenses and the court therefore did not err in refusing to sustain the defendant's motion. *Furst v. State,* 31 Neb. 403; *Hill v. State,* 42 Neb. 503; *Cohoe v. State,* 82 Neb. 744.

Nor do we think the omission from the information of the name of the particular person defrauded was fatal to the prosecution of the case. Section 29-1506, Comp. St. 1929, contains this provision:

"It shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the party accused did the act charged with intent to defraud."

And in the present case, although the name of the particular person defrauded was omitted therefrom, the information is sufficient, where it charges that the defendant "unlawfully and with intent to prejudice, damage and defraud, did make, forge and counterfeit a certain check."

The evidence discloses that on or about November 30, 1931, the defendant was introduced to a certain witness as "E. R. Harrison," that being the name that appears on the check in question here. This witness testified that he and the defendant talked for some time and that the defendant then requested him to cash two traveler's checks in the sum of $50 each. It appears that the defendant signed his name to the checks in the presence of this witness, but the light was dim and the difference in the signatures was not detected at the time. Later the checks were presented for payment at the First National Bank of McCook where the forgeries were discovered. Some of the officials testified that, upon an examination thereof, the checks did not appear to be genuine and that they knew of no bank located in Lincoln to whose order the checks purported to be drawn.

It appears from the defendant's evidence that he received the checks in a card game and he testified that he had never changed them in any manner. He testified that he gave the checks in exchange for 15 gallons of whiskey

and that he received no money in the transaction. The man who was given the checks by the defendant, however, denied that he ever sold any whiskey to the defendant, but testified that he gave the defendant $100 in bills in exchange for the checks. The defendant testified that he met the "E. R. Harrison" named in the checks but once and that he has not seen him since nor does he know Harrison's address or his whereabouts. Certain witnesses testified that they were told the defendant had given the "bogus" checks in exchange for whiskey, but it appears that none of the witnesses were present when the defendant signed his name to the checks.

The defendant contends that the court erred in refusing to submit a proffered instruction to the jury on the question as to whether the check involved here was void on its face. However, the question was one of law for the court and was properly passed upon.

Error is also assigned in the giving of an instruction wherein the jury were informed that, although the "invalidity (of the check) might have been apparent or readily detected," this fact did not constitute a ground for defense. In respect of this feature, it has been stated by a recognized authority that "to be the subject of forgery it is not necessary that an instrument be perfect or complete." 26 C. J. 911. And at page 974 there appears an elementary observation by the same author wherein it is said: "Knowingly passing a forged instrument as genuine is conclusive of an intent to defraud. Evidence that the advantage which the instrument if genuine would have given has been obtained, or that the injury which such an instrument could inflict has been accomplished, sufficiently shows an intent to defraud."

To the casual observer the check in question here would appear on its face to be regular in all respects. But the officials of the bank, where it was sought to cash the checks, were of course familiar with checks and signatures generally and were suspicious of their genuineness. And, as stated above, where the check in question was on

its face regular in form it may be the subject of forgery. The jury passed on the disputed questions and found against the defendant and, upon an examination of the evidence, we find that the verdict is amply supported thereby. The judgment is

AFFIRMED.