## HENRY KOCH V. STATE OF NEBRASKA.

FILED JANUARY 7, 1936. No. 29675.

*Robert A. Nelson* and *C. L. Rein,* for plaintiff in error.

*William H. Wright,* Attorney General, and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

GOOD, J.

Henry Koch, hereinafter designated defendant, was convicted of robbery and sentenced to imprisonment in the state reformatory for men for a period of ten years. He brings the record of his conviction to this court for review.

Defendant contends that the court committed error in refusing to give his requested instruction No. 11. At the trial a number of the regular police officers of the city of Lincoln were called and testified as witnesses. The requested instruction directed that the evidence of such witnesses should be weighed with greater care than that of

ordinary disinterested witnesses on account of the tendency of such officials to construe facts against the defendant and to overlook facts which might be for his benefit. This question has been frequently before this court.

In *McCartney v. State,* 129 Neb. 716, 262 N. W. 679, the former holdings of this court upon the question were reviewed, and it was therein held: "The mere fact that witnesses in a criminal prosecution are regular police officers of a city will not justify an instruction that the jury, in weighing their testimony, should exercise greater care than in weighing the testimony of other witnesses." The court properly refused the proffered instruction.

The defendant contends that the trial court erred in refusing to give his requested instruction No. 12. The instruction related to the effect of impeaching testimony, and stated that such evidence cannot be considered as evidence against the defendant. The instruction as requested was not a correct statement of the law. Certainly, the evidence of impeaching witnesses may be considered against the defendant, but not as evidence of defendant's guilt. Had a proper instruction been requested, the court, no doubt, would have given it, limiting the effect of such testimony to determination of the weight to be given the evidence of witnesses who were impeached. The court may properly refuse to give a requested instruction which is in part erroneous. See *Williams v. City of Lansing,* 152 Mich. 169, 115 N. W. 961; *Hall v. American Investment Co.,* 241 Mich. 349, 217 N. W. 18. No error was committed by the court in refusing this instruction.

The defendant, however, argues that it was the duty of the court to give a proper instruction. The court instructed upon the issues presented by the pleadings, and it was incumbent upon the defendant, if he desired a more explicit instruction with reference to the effect of such evidence, to prepare and request a proper instruction. Having failed so to do, he may not complain of the failure of the court to give such an instruction.

During the course of the trial, two of defendant's

brothers testified as witnesses for him. On cross-examination, they were asked with reference to statements they had made in an interview with police officers prior to the trial that were at variance with the testimony given. They denied making such statements. A stenographer, who took their statements at the time they were made to the police officers, was called and testified that he had taken down in shorthand the questions put to such witnesses, with their answers, produced his notes, testified as to their accuracy and read from his notes the questions and answers so given. After this was done, he was asked if he had reduced his shorthand notes to typewriting and answered that he had. The typewritten transcript of his notes was then offered in evidence and received over objection. It does not appear, however, that it was again read to the jury. We perceive no error that was prejudicial to defendant in this respect.

Error prejudicial to defendant is not shown.

AFFIRMED.