[Crim. No. 2884. Second Appellate District, Division One.—August 5, 1936.]

THE PEOPLE, Respondent, v. GASPAR BREUER, Appellant.

William W. Larsen for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—In an information that was filed against him defendant was charged, first, with the commission by him of the crime of forgery; secondly, of the crime of grand theft. In the same information, defendant also was charged with having theretofore suffered two prior convictions for felonies alleged to have been committed by him, for each of which he had served a term in prison. When the action came on for trial, defendant admitted "both the prior convictions". Thereafter, in due course, he was found guilty of each of the offenses of forgery and grand theft. He has appealed from the resulting judgments, as well as from an order by which his motion for a new trial was denied.

The principal and controlling point urged by appellant as a reason for the reversal of the judgment is that the evidence adduced on the trial of the action was insufficient to sustain the judgment.

The pertinent facts upon which the jury was authorized to return its verdict are substantially as follows: On a Sunday afternoon, defendant, who at that time represented himself as "William Kraw", purchased a second-hand automobile, in payment of which he then and there gave a check for the sum of $447.05. At that time he exhibited several other checkbooks, which he carried in one of his pockets. Defendant personally signed the check "Wm. Kraw". In the course of his attempt to establish his identity as "William Kraw", defendant first requested the seller of the automobile to telephone to a hotel in Pasadena, where he said he was stopping, although he claimed that he actually resided in

Long Beach. On his failure to thus establish his identity at the hotel in Pasadena, defendant requested the seller of the automobile to telephone to the manager of a certain hotel at Long Beach (at which he had stopped when he there had met an individual whose real name was William Kraw). At the latter place the identification of defendant as "William Kraw" apparently was satisfactory. Thereupon an order for the automobile also was signed by defendant in the name of "Wm. Kraw", and he then drove the automobile away from the place where he had purchased it. On the following day the bank on which the check had been drawn refused to certify it. Defendant never returned the automobile to the seller thereof; but two or three weeks after the sale had taken place it was found at Banning in a wrecked condition, and was then towed back to Los Angeles.

One William Kraw, who operated a grocery at Long Beach, testified that shortly before the date when the automobile was purchased by defendant, he first met defendant at the store of the witness in Long Beach; that at that time defendant called himself "John Georgeovich", and claimed that he owned a grocery at Detriot, Michigan, which he tried to sell to the witness; that the witness procured a room for defendant at the same hotel at which the witness lived, but that after two days had elapsed, during all of which time defendant was constantly about the store of the witness, defendant disappeared; that the witness had a banking account in his own name at the bank on which, in payment of the automobile, defendant drew the check in the name of "Wm. Kraw". The witness denied that the signature "Wm. Kraw" on the check was his signature, and also stated that he had never authorized defendant to sign the name "Wm. Kraw" to the check.

At the outset, appellant's brief contains the statement that, "The entire argument of the defendant-appellant is directed to the point that there is no evidence that the check given by the defendant for the Packard automobile was ever dishonored, or even presented at any bank for payment. There is no evidence to the effect that the check would not have been paid had there been any presentation for payment."

Later in his brief, appellant also makes the following statement:

"Admitting that the defendant signed the name Wm. Kraw on the check. Further admitting that the defendant's name is not Wm. Kraw. Further admitting that one person named Wm. Kraw, resident in Long Beach, testified that the defendant did not have the authority to sign his name, still there is nothing in the record before the Court which would make the defendant-appellant guilty of either forgery or grand theft.

"There is no showing that any search was made for other Wm. Kraws, or that the defendant-appellant did not have authority from some other Wm. Kraw to sign his name, or that he did not have a credit arrangement with some other Wm. Kraw."

No case is cited by appellant as authority for either or any of the several points that are urged by him as being sufficient for an order by which the judgment should be reversed. ■ On the other hand, it would seem that section 470 of the Penal Code, taken in connection with the facts hereinbefore outlined, contains all the authority necessary to refute appellant's contentions. Among other things, that statute provides that, "Every person who, with intent to defraud, signs the name of another person, . . . knowing that he has no authority so to do, to any check . . . is guilty of forgery."

As is here admitted by appellant, his name is not "William Kraw"; nevertheless he signed that name to a check by means of which he fraudulently procured the possession of the automobile. The statute contains no requirement (as contended by appellant) that to constitute the crime of forgery it is necessary either that the check be dishonored, or that it even be "presented to any bank for payment". As far as that feature of the crime of forgery was concerned, it was complete at the moment the forged check was delivered by defendant to the seller of the automobile in payment thereof, provided that it was so delivered "with intent to defraud"; and such an intent was clearly deducible from the facts to which attention hereinbefore has been directed. Cases in this state in which a judgment of conviction of the crime of forgery has been sustained on comparatively less evidence than was presented on the trial of the instant action are not lacking. In that connection, see *People* v. *Lundin*, 120 Cal. 308 [52 Pac. 807]; *People* v. *Okomoto*, 26 Cal. App. 568

[147 Pac. 598]; *People* v. *Rodway,* 77 Cal. App. 783 [247 Pac. 535]; and authorities in each of such cases respectively cited.

With respect to appellant's secondary point, to wit, in effect, that because the prosecution did not produce evidence, in substance, that other than the William Kraw who gave his testimony on the trial of the action, nowhere in the world was there another man by the name of William Kraw who had a bank account in the bank on which the alleged forged check was drawn, nor that no William Kraw theretofore had authorized defendant to sign or to execute and deliver the check in question, the evidence failed to establish facts necessary to the legal support of the judgment,—it need only be said that the prosecution was not required to demonstrate the guilt of defendant. To the contrary, the burden that rested upon the prosecution was only that it establish the guilt of defendant beyond a reasonable doubt; and in that regard, if it may not properly be said that the evidence that was adduced on the trial of the action did not unmistakably point to the guilt of defendant, and if such a state of facts may not be relied upon in a criminal prosecution as being sufficient to justify a verdict of "guilty" of defendant, then it would seem clearly to follow that unless the guilt of a defendant be shown with the exactness and the certainty of a solution of a problem in mathematics, the time is ripe for the abandonment of all other criminal prosecutions.

■ With reference to the count of grand theft, appellant also complains that intent to steal is an essential element of the crime, and that intent on the part of the defendant was not sufficiently established by the evidence to support the verdict that was rendered by the jury.

It is statutory law that "The intent or intention is manifested by the circumstances connected with the offense. . . ." (Sec. 21, Pen. Code.) Although by using as a basis the facts that appeared in evidence on the trial of the action, and perhaps by a multiplicity of words in connection therewith, the positive intent of the defendant might be practically demonstrated, it is thought that such a course would be but an expenditure of time and energy that is not warranted by the situation that is here presented. The bare facts so clearly justify the inference that from the inception of the trans-

750

action in question it was defendant's intention to wrongfully and unlawfully deprive the owner of the automobile of its use, possession and ownership, that even a slight reference in detail to the facts is deemed wholly superfluous. On the question of the conclusiveness of the intent of defendant in the premises, see the case of *People* v. *Ball*, 102 Cal. App. 353, 357 [282 Pac. 971].

No other points suggested by appellant are worthy of serious consideration.

The judgments and the order by which the motion for a new trial was denied are affirmed.

York, J., and Doran, J., concurred.