ROY G. OWENS, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
43 N. W. 2d 168

Filed June 23, 1950.   No. 32751.

*John E. Willits,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Roy G. Owens, defendant below, was convicted by a jury in the district court for Adams County of the offense of forgery. He thereupon filed a motion for new trial and a motion in arrest of judgment. From the overruling thereof, and after being sentenced to 15 months in the penitentiary, he brings this error proceeding to review the record of his conviction and sentence. Roy G. Owens will herein be referred to as the defendant.

There is evidence in the record from which the jury could properly find that on the afternoon of Saturday, August 13, 1949, the defendant, a resident of Harvard, Nebraska, entered the store of Brach's Limited located in Hastings, Adams County, Nebraska; that he purchased a billfold for the sum of $14; that in payment thereof he gave a check in the sum of $50 drawn on the Harvard

State Bank, Harvard, Nebraska, and payable to "Brach's Ltd., Hastings, Nebr."; that he signed the name of J. W. Kirby thereto as the maker; that the name he signed thereto was not his own but fictitious; that the check was accepted by Brach's Limited; and that defendant received the billfold and $36 from Brach's Limited.

Defendant contends the evidence is insufficient to sustain his conviction because it does not show that the check was ever presented for payment to the bank on which it was drawn and by it dishonored. Assuming that the evidence is insufficient to establish this fact, a question which we need not and do not decide, the point is not well taken for section 28-601, R. R. S. 1943, under which the prosecution was brought, contains no such requirement as an essential element of the crime.

In Randolph v. State, 65 Neb. 520, 91 N. W. 356, we said: "The signing of a fictitious name of a person to an instrument which is the subject of a forgery, with an intention to defraud, is a false and fraudulent making of such instrument, and constitutes the offense of forgery."

"Our statutes, in effect, provide that forgery is the false making, or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. Cooper v. State, 123 Neb. 605, 243 N. W. 837; Uerling v. State, 125 Neb. 374, 250 N. W. 243; Roush v. State, 34 Neb. 325, 51 N. W. 755." Mitchell v. State, 132 Neb. 891, 273 N. W. 806.

And in Bullington v. State, 123 Neb. 432, 243 N. W. 273, we held: " 'Knowingly passing a forged instrument as genuine is conclusive of an intent to defraud.' 26 C. J. 974."

While the precise point here raised has apparently never been passed upon by this court it has been correctly disposed of in other jurisdictions contrary to defendant's contention.

As stated in State v. Garcia, 26 N. M. 70, 188 P. 1104: "If appellant in fact forged the name of Lucero to the

check, it was wholly immaterial as to whether it had ever been presented for payment or not."

As discussed in People v. Breuer, 15 Cal. App. 2d 745, 60 P. 2d 162: "The statute contains no requirement (as contended by appellant) that to constitute the crime of forgery it is necessary either that the check be dishonored, or that it even be 'presented to any bank for payment'. As far as that feature of the crime of forgery was concerned, it was complete at the moment the forged check was delivered by defendant to the seller of the automobile in payment thereof, provided that it was so delivered 'with intent to defraud'; and such an intent was clearly deducible from the facts to which attention hereinbefore has been directed."

Defendant contends the court erred by giving instructions Nos. 6 and 7 which, in effect, define what constitutes reasonable doubt. He bases his contention primarily upon our holdings in Cowan v. State, 22 Neb. 519, 35 N. W. 405; Carr v. State, 23 Neb. 749, 37 N. W. 630; and Childs v. State, 34 Neb. 236, 51 N. W. 837. Therein we held that it is error to charge a jury that it is a doubt for the having of which the juror can give a reason derived from the testimony.

Instructions Nos. 6 and 7, given by the court, are as follows:

"You are further instructed that the Defendant is presumed to be innocent of the offense with which he stands charged until he has by sufficient evidence been proved to be guilty and it is the duty of the Jury to give the defendant the full benefit of this presumption as evidence in his favor, and to acquit him unless the Jury from the evidence believes that he has been proven guilty in a manner and form as charged in the Information beyond a reasonable doubt. This does not mean beyond a possibility of a doubt, but as a language of the instruction expresses it, beyond a reasonable doubt."

"The Jury are instructed that a reasonable doubt within the meaning of the law is a doubt which has some rea-

son for its basis; it does not mean a doubt from mere caprice or groundless guess. A reasonable doubt is that state of mind, which after a full comparison and consideration of all the evidence, both for the state and defense, or for want of evidence on the part of the Staté, leaven the minds of the Jurors in that condition that they cannot truthfully say that they feel an abiding faith amounting to moral certainty, from the evidence in this case, that the defendant is guilty of the charge laid in the Information. If after a careful and impartial consideration of all the evidence in this case the Jury can truthfully say and feel that they have an abiding conviction of the guilt of the defendant, as charged in the Information and are fully satisfied of the truth of the charge, then they are satisfied beyond a reasonable doubt."

A careful study of these instructions shows they are not phrased in language like the instructions held erroneous in the foregoing cases nor in language subject to such construction. They are therefore not subject to the holdings therein. But even if they were we think, in view of our holding in Baker v. State, 109 Neb. 558, 191 N. W. 666, together with what is now section 29-2308, R. R. S. 1943, it would be harmless error.

Holdings of this court approving like or similar instructions defining reasonable doubt are numerous. For example see Turley v. State, 74 Neb. 471, 104 N. W. 934; Goemann v. State, 100 Neb. 772, 161 N. W. 421; Hiller v. State, 116·Neb. 582, 218 N. W. 386, 58 A. L. R. 1322.

What was said in Goemann v. State, *supra,* is applicable here. Therein we said: "But this court has frequently refused to reverse a judgment of the district court solely on account of an instruction worded as in the case at bar."

Defendant also complains of the court's failure to give part of his requested instruction No. 4 and instruction No. 5.

As to this contention the following from Davis v. State, 51 Neb. 301, 70 N. W. 984, is applicable: "When

complaint is made of the refusal of the district court to give an instruction asked, the burden is upon the party complaining to show, not only that he was probably prejudiced by the refusal of the court to give the instruction, but he must also show that the entire instruction was correct as a proposition of law and applicable to the facts in evidence in the case."

Also the following from Brice v. State, 138 Neb. 853, 295 N. W. 894: "Defendant also complains of rulings of the trial court in refusing to give a number of instructions requested by him. An examination of the record discloses that the substance of such requested instructions as were proper under the issues, the law and the evidence was given by the trial judge on his own motion. The instructions given do not as a whole contain error prejudicial to defendant. He is therefore not entitled to a reversal on account of the refusing or the giving of instructions. Samuels v. State, 101 Neb. 383, 163 N. W. 312; Forman v. State, 126 Neb. 619, 253 N. W. 898." See, Stevens v. State, 84 Neb. 759, 122 N. W. 58; Koch v. State, 130 Neb. 119, 264 N. W. 172.

For the reasons stated we find no merit in the contention of defendant that there were errors in the proceedings which resulted in his conviction and sentence. They are therefore affirmed.

AFFIRMED.