STATE OF NEBRASKA, APPELLEE, v. EDDIE ADDISON,
APPELLANT.

217 N. W. 2d 468

Filed May 9, 1974.   No. 39309.

Albert T. Reddish, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant, Eddie Addison, was found guilty by a jury of uttering a forged instrument.  He was sentenced to 1 to 4 years in the Nebraska Penal and Correctional Complex and this appeal followed.

On March 25, 1973, an attendant at a service station in Hemingford, Nebraska, delivered some $7 or $8 worth of gas and oil to a car in the station.  Inside the service station a passenger from the car went through the motions of endorsing a check, and then gave it to the attendant and received the change in cash.  The check was drawn on the Bank of Hemingford, Nebraska; dated March 25, 1973; in the amount of $50; made out to Eddie Addison, as payee; and signed "John Manning" as maker.  It was identified on the front as being for labor and was endorsed by "Eddie Addison."

The service station attendant identified the defendant as the individual who had given him the check.

John Manning, a rancher, testified that the signature on the check was not his signature. He also testified that he had never banked at the Bank of Hemingford, but did his banking at the Guardian State Bank in Alliance, Nebraska. Manning also testified that he did not know of anyone else in the area named John Manning, although he knew there were others with the name of Manning. The sheriff testified that he did not know anyone named John Manning living in the area, other than the witness.

A handwriting expert who examined the check, together with exemplars of writing known to be the defendant's writing, testified that in his opinion the defendant wrote "the payee name of Eddie Addison appearing on the top line of the check, and the endorsement."

The defendant, a 48-year-old Indian, testified that he had never seen the check before; had not been in Hemingford, Nebraska, in March 1973; and that he was in jail on the Pine Ridge Indian Reservation in South Dakota on March 25, 1973.

No witness testified that the check was ever presented to any bank nor that payment had ever been refused by the Bank of Hemingford on which it was drawn. The check carries a stamp endorsement of the service station. No officer or employee of the Bank of Hemingford testified. There was no evidence that the bank had no account in the name of a John Manning, nor did any witness testify that the signature on the check was not authorized.

The defendant moved for a directed verdict, and the motion was overruled. The jury found the defendant guilty.

The defendant contends that a conviction for uttering a forged instrument cannot be sustained without proof

of the forgery, and that it is not sufficient proof of forgery to show that the signature is not that of the party whose name is used, but it must be affirmatively shown that the signing was made without his authority. The defendant also contends that the statute requires evidence that the defendant knew the instrument was forged and proof of intent to damage or defraud.

The case of Crawford v. State, 164 Neb. 231, 82 N. W. 2d 1, is controlling. There this court held that in a prosecution for uttering and publishing a forged instrument, knowing it to be forged, a conviction cannot be sustained without proof of the forgery. We also held that to sustain a conviction for forgery it is not sufficient for the State to show that the signature is not that of the party whose name is used, but it must also affirmatively be shown that the signing was made without his authority.

In this case, not only was the proof of the forgery deficient in failing to establish that the signature on the check was signed without authority, but the State's evidence established that the defendant did not personally sign the check but wrote only the name of payee and endorser. The evidence failed to establish that the check was ever presented for payment or that payment was refused for any reason, or even that the check was not "true and genuine." Under such circumstances the State failed to prove the essential elements of forgery, and likewise failed to prove that the defendant knew the check was forged, or uttered it with the intent to defraud.

If it were to be contended that the drawer is or might be a fictitious person, testimony of a proper officer of the bank that the drawer has no account and is unknown to the bank would have constituted prima facie evidence. See State v. Morgan, 182 Neb. 639, 156 N. W. 2d 799. The burden of proving that a specific

crime has been committed is not fulfilled by evidence that a crime probably occurred.

The evidence here was insufficient to sustain a conviction for uttering a forged instrument. Defendant's motion for directed verdict should have been sustained. In view of our holding, it is unnecessary to discuss the defendant's other assignments of error.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.