STATE OF NEBRASKA, APPELLEE, V. LLOYD S. LAFLIN,
APPELLANT.

272 N. W. 2d 376

Filed December 13, 1978. No. 42078.

Gary G. Thompson, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

The defendant, Lloyd S. Laflin, was found by a jury to be guilty of the offense of forgery and was sentenced to serve not less than 1 year nor more than 18 months in the Nebraska Penal and Correctional Complex. On appeal to this court, the defendant makes several assignments of error. For reasons hereafter stated, we find the assignments of error to be without merit and affirm the judgment.

Defendant asserts that the evidence was insufficient to permit submission of this case to the jury. A review of the uncontroverted trial testimony and the exhibits leads to the conclusion that the evidence was ample.

Vernon Rogge testified that he operated a filling station in Beatrice, Gage County, Nebraska. On October 24, 1977, Rogge gave cash and cigarettes to the defendant in exchange for a check imprinted with the legend "Roofing & Painting, Val D. Little," drawn in the amount of $45.00 to be paid to the order of Steve Laflin and signed "Val D. Little." The check was subsequently dishonored by the bank upon which it was drawn.

Val D. Little testified that he had not signed the check nor authorized defendant to do so. Little's bookkeeper, Lea Meyer, was the only other person authorized to write checks on Little's account. She stated that she had not signed the check.

Harold Moon, the documents examiner for the Nebraska State Patrol, had compared the handwriting on the check with handwriting samples obtained from the defendant, using a low-powered microscope and a hand-held magnifying glass, and testified that it was his opinion defendant had written the check. An independent inspection of the handwriting on the exhibits undoubtedly convinced the jurors that Harold Moon was correct in forming that opinion.

In order to prove the offense with which defendant

was charged, the State was required to show beyond a reasonable doubt that the check was signed by the defendant without the authorization of the party whose name was used and that it was forged with the intent to defraud. § 28-601, R. R. S. 1943; State v. Addison, 191 Neb. 792, 217 N. W. 2d 468. "Knowingly passing a forged instrument as genuine is conclusive of an intent to defraud." Owens v. State, 152 Neb. 841, 43 N. W. 2d 168; Bullington v. State, 123 Neb. 432, 243 N. W. 273.

Clearly, the State presented substantial evidence as to each and every element of the crime. Defendant nevertheless asserts there were flaws in Harold Moon's procedures and conflict in the evidence as to intent. Such questions are for the jury. "In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence." State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904.

Defendant next alleges that the State is required to show the reason for the bank's dishonor of the check and relies on State v. Addison, *supra*, for that proposition. In State v. Addison, *supra*, there was a possibility the check in question was either signed or authorized by its purported maker. The State failed to prove many of the essential elements of forgery in that case, and the failure to show that the check would have been dishonored if presented to the bank upon which it was drawn only added to the weakness of the State's case. State v. Addison, *supra*, is inapplicable here. It is still the law in this state that where the evidence clearly establishes the forgery of a bank check, it is immaterial whether the check was ever presented to a bank for payment. Owens v. State, *supra*.

Defendant next argues that there was insufficient

proof of the venue of the offense charged. In the information, defendant was accused of making the check but not of uttering it. It is true that at trial there was no direct showing of where the actual affixing of the forged signature to the check took place.

If there was no showing whatsoever of where the forgery took place, then the trial court lacked jurisdiction of the case. Venue is a jurisdictional fact, and the defendant in a criminal case has the right to be tried by an impartial jury in the county where the alleged offense took place. Art. I, § 11, Constitution of Nebraska; § 29-1301, R. R. S. 1943; Gates v. State, 160 Neb. 722, 71 N. W. 2d 460. However, "[t]he venue of an offense may be proven like any other fact in a criminal case. It need not be established by direct testimony, nor in the words of the information, but if from the facts in evidence the only rational conclusion which can be drawn is that the crime was committed in the county alleged, the proof is sufficient." State v. Liberator, 197 Neb. 857, 251 N. W. 2d 709, quoting Gates v. State, *supra*, and the cases cited therein.

All the events in this case occurred in Beatrice, which is in Gage County, Nebraska. Val D. Little's place of business, from which the check was presumably taken, was located in Beatrice. Defendant apparently lived in or near Beatrice, as he had been a customer at Vernon Rogge's filling station for about 1 year. The check was passed in Beatrice. Gage County jurors would undoubtedly know that Beatrice is located near the center of Gage County and is several miles from any county line. Even the bank upon which the check was drawn is located in Gage County, although it is in Virginia rather than Beatrice. There was sufficient evidence for the jury to conclude that the check was forged in Gage County and to confer jurisdiction on the District Court for Gage County.

Finally, defendant contends that he should have been granted probation. This court will not overturn an order of the trial court denying probation in the absence of an abuse of discretion. State v. Garland, 199 Neb. 459, 259 N. W. 2d 481. This is defendant's third conviction on similar charges, and defendant was on probation for the offense of uttering a forged instrument when he wrote the check in question here. Under the circumstances, denial of probation was completely appropriate.

AFFIRMED.