Kenneth HIXSON, Appellant,

v.

Vernon HOUSEWRIGHT, Commissioner of Corrections, Attorney General of the State of Arkansas and State of Arkansas, Appellees.

No. 80–1625.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1980.

Decided March 4, 1981.

---

Robert S. Blatt, Fort Smith, Ark., for appellant.

Dennis R. Molock, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, BENNETT,* United States Court of Claims Judge, and HENLEY, Circuit Judge.

BENNETT, Judge.

On October 27, 1978, appellant, Kenneth Hixson, was convicted in the Circuit Court, Fort Smith District, Sebastian County, Arkansas, of unlawfully, feloniously, and knowingly obtaining an aggregate sum of money in excess of $2,500 by deception, with the purpose of depriving the owners, the membership of three Baptist churches in Fort Smith (Trinity, Temple, and Eastside) of their funds by promising to deliver church directories to the churches, but not doing so. Appellant had agreed with the churches to take pictures of their membership, and in return for permission to do so and the sale of pictures to individual members, appellant agreed to supply pictorial directories to the churches at no additional

---

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

charge. He was to provide directories at a rate of 125 for every 100 members of a church who purchased portraits. The jury found appellant guilty of violating Ark. Stat.Ann. § 41–2203(1)(b) (1977), theft by deception, and of an habitual criminal count, Ark.Stat.Ann. § 41–1001 (1977). Punishment was fixed at confinement by the Arkansas Department of Correction for a period of 12 years and a fine of $2,500 was imposed.

Appellant's appeal of his conviction was affirmed by the Arkansas Court of Appeals, with one judge dissenting. *Hixson v. State*, 266 Ark. 778, 587 S.W.2d 70 (1979). Subsequent review by the Arkansas Supreme Court was denied and the Supreme Court of the United States denied certiorari. *Hixson v. Arkansas*, 444 U.S. 1079, 100 S.Ct. 1030, 62 L.Ed.2d 762 (1980).

The case is presently before this court on appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976), filed February 22, 1980. On June 23, 1980, the United States District Court for the Western District of Arkansas, the Honorable Paul X Williams, Judge, entered a memorandum opinion and an order denying appellant's petition. A certificate of probable cause to appeal was granted and the present appeal followed.

We affirm the district court's denial of the writ. Appellant raises certain constitutional issues which he did not present, as would have been proper, to the Arkansas State courts. We are not therefore compelled to address them but, since the district court said that it found no constitutional infirmities in the Arkansas statute or in the nature and sufficiency of evidence at the trial, we will address these matters for the useful purpose of settling the law pertaining to the subject statute and issues. We do not go beyond the challenges as presented by appellant in his petition for habeas corpus.

The relevant Arkansas statute provides that:

(1) A person commits theft of property if he: * * *

(b) knowingly obtains the property of another by deception or by threat, with the purpose of depriving the owner thereof.

(2)(a) Theft of property is a class B felony if: (i) the value of the property is $2,500.00 or more.

Ark.Stat.Ann. § 41–2203 (1977). Deception is defined as follows:

(3) "Deception" means:

(a) creating or enforcing a false impression, including false impressions of fact, law, value or intention or other state of mind that the actor does not believe to be true;

\* \* \* \* \* \*

Deception as to a person's intention to perform a promise shall not be inferred solely from the fact that he did not subsequently perform the promise. Deception does not include falsity as to matters having no pecuniary significance or puffing by statements unlikely to deceive ordinary persons in the group addressed.

Ark.Stat.Ann. § 41–2201 (1977).

When the Sebastian County circuit court jury found the appellant guilty of the charge of theft by deception, that jury necessarily concluded that he had the necessary criminal intent at the time he received the monies from the church members.

On appeal of the State court conviction, the Arkansas Court of Appeals was sharply conscious of the element of criminal intent which the statute requires. In its interpretation of the above-quoted criminal provisions, the court of appeals stated:

We are persuaded that it was incumbent upon the State to establish the following in order to convict the appellant-defendant of the charge brought under the above provisions:

1. That appellant-defendant, at the time he received the monies from the owners, did not intend to carry out his promise to deliver church directories to the churches and the membership thereof in return for the monies received by him.

2. That appellant-defendant knew, at the time he promised to deliver church directories to the churches and the mem-

bership thereof that the promise or representation was false and that the promise was made for the purpose of depriving the owners of their property.

*Hixson v. Housewright*, 266 Ark. 778, 781, 587 S.W.2d 70, 72 (1980). That court went on to conclude:

> * * * The evidence is crystal clear that the representations and promises made by appellant to deliver the church directories, which was an intricate part of the entire project and was the sole motivating factor that induced the churches and the membership to participate in the project, were false as a matter of fact and as to the value of the articles that the churches and members were to receive in return for delivering their monies to the appellant. Moreover, it is plain from this record that appellant had no experience or expertise either in photography or in the compilation of church directories; and that at the time that appellant made the promises to deliver the directories, appellant did not possess the facilities to print a directory, nor had he made arrangements with any other firm or source for the preparation of the directories.

*Id.*, 266 Ark. at 786, 587 S.W.2d at 74.

The appellant's habeas corpus petition attacks this finding of criminal intent. In a recent opinion, the Supreme Court of the United States enunciated the standard to be applied in assessing the sufficiency of the evidence for federal habeas corpus relief purposes. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That case held:

> * * * an essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.

> \* \* \* \* \* \*

> * * * But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established built beyond a reasonable doubt." *Woodby v. INS*, 385 U.S. [276] at 282 (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana*, 406 U.S. [356] at 362. * * * [Emphasis in original.]

> \* \* \* \* \* \*

> * * * the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. [Footnote omitted.]

443 U.S. at 316, 318–19, 324, 99 S.Ct. at 2788, 2789–90, 2792.

The prosecution's evidence in this case showed that the printer, Photo World of Memphis, Tennessee, upon which petitioner was relying for the printing of the directories, received the lay-out for only one directory, and it was not for one of the three churches to which the criminal charges relate. The petitioner's evidence indicated that six or seven lay-outs were prepared and mailed to Photo World. Thus, an issue of credibility was presented to the jury with regard to the petitioner's efforts to have the directories printed. However, one important fact was clearly established—no directories were ever actually printed.

The record establishes that the reason the one lay-out which was delivered to Photo World was not printed was that the petitioner did not put up the funds to pay for the printing. Based on his history of having never delivered the directories and having never paid anyone to print them, which was essential to perform appellant's promise, it would be reasonable for rational triers of fact to conclude that appellant never intended to perform and could not have reasonably believed that he would perform. Further, there was evidence of intent concerning appellant's similar unfortunate contracts with 13 other churches in Arkansas

and Oklahoma from whose members in excess of $22,000 was collected by appellant who delivered no directories. The State's bill of particulars had alleged 27 churches were so involved. Evidence was not offered as to all of these churches, although the trial court ruled it would be admissible.

Appellant was not convicted solely because he failed to perform. As we have said, rational triers of fact could conclude that he never even attempted to perform or expected that he could do so. He used some of the monies received for various personal purposes. Delivery of one or more lay-outs for the directories to Photo World in Memphis was not sufficient. He had to pay Photo World to do the work and could not expect that company to do it gratis. The jury could and did reasonably conclude that appellant never intended to deliver the promised directories. Therefore, this court cannot overturn and must accept the jury's finding that the appellant had the requisite criminal intent to deceive.

Appellant next attacks the statute under which he was convicted, charging it is unconstitutionally vague, it does not give reasonable notice of what conduct is prohibited, it is arbitrary, it is susceptible to application in a discriminatory way, and it does not fulfill any compelling state interest. If true, these allegations would deny appellant equal protection and due process, in violation of the Fourteenth Amendment to the Constitution.

■ In support of these allegations, it is argued that under an earlier Arkansas statute it was well settled by judicial interpretations in that state that the false pretenses relied upon to constitute an offense under that statute had to relate to a past event, or to some present existing fact, and not to something to happen in the future. Appellant tells us that there is such a statute in Oklahoma and that appellant's conviction there on facts similar to those here was set aside on the State's own motion and the churches there were directed to their civil remedies. *Hixson v. State*, 598 P.2d 268 (1979). The opinion by the Court of Criminal Appeals of Oklahoma does not speak of any failure to deliver church directories. The complaint there was for obtaining money under false pretenses by taking photos and receiving money therefor but not delivering the finished photos when promised or, in some instances, delivering photos of unacceptable quality. The court stated that no intent to defraud was presented. Be that as it may, what statute some other state has or what statute Arkansas used to have is irrelevant. The Arkansas statute was rewritten in 1975 to conform to the Model Penal Code and, as quoted heretofore, is broad enough to encompass appellant's offenses. Appellant concedes that obtaining of property by false pretenses has long been prohibited by Arkansas law. However, deception as to a person's intention to perform a promise cannot be inferred solely from the fact that he did not subsequently perform the promise. There has to be an intent to deceive and in so doing to deprive another of his property. That is what the statute says and is what the jury found to have happened in this case. This criminal intent is in no way limited to present or past events. It is also aimed squarely at the sort of thing appellant was convicted of here. The Supreme Court has held that if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague. Also, if the general class of offenses can be made constitutionally definite by a reasonable construction of the statute, the court is under a duty to give it that construction. *United States v. Harriss*, 347 U.S. 612, 618, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

■ Here, the general class of offenses, theft by deception or false pretenses, is within the terms of the Arkansas statute and we are duty bound to give it a construction which upholds its constitutionality in the circumstances present. The statute promotes a long-standing state interest in prohibiting deceptive schemes and confidence games. The crucial element of intent to deceive may be proven in many ways, such as has been done here, by showing the nature of the false impressions or misrepre-

sentations, by showing the deceiving party lacked present or future ability to make good his representations, and by demonstrating an ongoing scheme or pattern of deception. That statute is not constitutionally infirm, as alleged. Appellant was not sentenced to imprisonment for simple debt nor does he argue insolvency.

We come next to appellant's claim of denial of Fifth, Sixth, and Fourteenth Amendment rights to due process of law and a fair trial when evidence of other alleged criminal acts of obtaining money for unfilled promises to other churches was introduced in evidence over his objections. Appellant argues that the only purpose for admitting evidence of similar acts concerning the numerous other churches was to show bad character, and that this is a prohibited procedure.

Prior to his trial in the Circuit Court of Sebastian County, Arkansas, appellant filed a motion in an attempt to obtain a ruling of the trial court which would prohibit the State from introducing evidence of acts similar to those forming the basis for the criminal charge. The trial judge denied the motion after a hearing.

The Arkansas Rules of Evidence, Rule 404(b) (the same as the Federal Rule of the same number), reads:

> (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

At the conclusion of the trial, the trial judge gave this instruction to the jury prior to its deliberation:

> The Court has admitted testimony of other conduct similar to that charged in the information. You will not be permitted to convict the defendant upon such testimony. Evidence of other similar conduct, if you believe another offense has been proven, is admitted solely for the purpose of showing motive, design and particular criminal intent, habits and practices, guilty knowledge, good or bad faith, and you should consider such evidence for this purpose alone and it shall not be considered in fixing any punishment that might be imposed.

> The Defendant is not on trial for any offense except the alleged offense for which he is on trial.

The Arkansas Court of Appeals found no error had been committed in admitting the evidence concerning the other churches and the district court agreed, stating:

> * * * Since there was no error under state evidentiary law, and since the admission of the evidence did not destroy the fairness of the trial or impinge on a particular constitutional guarantee, this ground will not support the granting of the writ. *Maggitt v. Wyrick,* 533 F.2d 383 (8th Cir. 1976).

What appellant chooses to ignore is that the evidence protested was offered and received for an expressly limited purpose allowed by law. The Supreme Court of Arkansas said in *Ross v. Arkansas,* 257 Ark. 44, 514 S.W.2d 409, 413 (1974) (quoting 22A C.J.S. Criminal Law § 688):

> "Proper evidence which proves or tends to prove a common scheme, plan, design, or system of criminal action will not be excluded because it also shows the commission of another crime by accused. * * *."

The foregoing accords with this court's own precedents. *United States v. Luttrell,* 612 F.2d 396 (8th Cir. 1980); *United States v. Moody,* 530 F.2d 809 (8th Cir. 1976). Authorities relied on by appellant are inapposite. Each case, of course, must stand on its own facts where Rule 404(b) is in issue. Since in our view the evidence was properly admissible under applicable State law and evidentiary rules, and was relevant to the issue of intent to perform a fraudulent scheme, and the jury was properly instructed, we affirm the district court which expressed similar reasoning. There was substantial, competent, and credible evidence from which a rational trier of fact could

conclude beyond a reasonable doubt that appellant intended to deceive and defraud the church membership.

Finally, appellant seeks a reversal of the district court on the grounds that it erred in finding that the evidence was sufficient to prove him guilty of theft by deception beyond a reasonable doubt to a rational trier of fact and thus his right to due process under the Fourteenth Amendment was further violated.

This allegation overlaps those discussed above, and we need not repeat what has been said. The Arkansas Court of Appeals and the district court there reviewed the sufficiency issue, and we find that they applied proper standards of review. Their findings are presumed to be correct and the burden is on appellant to show that they are clearly erroneous. 28 U.S.C. § 2254(d) (1976). Appellant has failed to meet the required burden.

Appellant makes the arguments usual in cases where offenses are charged reflecting knowledge or intent of the actor. These arguments are that there was good faith, that there was no intent to deceive, that at most appellant "over-puffed" his sales pitch, and that simple bad business judgment and bad luck led to his downfall. The jury has resolved these contentions by its verdict. Appellant has had his day in court. We find that he had a fair trial. The jury judged the credibility of appellant and of 21 witnesses. It was convinced beyond reasonable doubt that appellant was guilty as charged. Careful review by the district court and by this court convinces us that the conviction must be sustained.

Accordingly, the district court's denial of appellant's petition for habeas corpus is affirmed.