STATE OF NEBRASKA, APPELLEE, V. JIMMEY A. SAILORS, APPELLANT.

352 N.W.2d 860

Filed June 22, 1984. No. 83-540.

Clyde F. Starrett, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Jimmey A. Sailors was convicted as the result of a jury trial on the charge of theft by deception regarding property valued in excess of $1,000. See Neb. Rev. Stat. § 28-512(1) (Reissue 1979). The district court for Hayes County, Nebraska, sentenced Sailors to an indeterminate term of 18 months to 3 years in the Nebraska Penal and Correctional Complex. We affirm.

Sailors, a self-employed trucker doing business as "Truckin' Dollars," was engaged in hauling farm commodities as well as buying and selling grain. On October 11, 1982, Sailors and a farmer, Curtis Leffler, contracted for Sailors' purchase of 5,000 bushels of Leffler's wheat at $3.25 per bushel with the wheat deliverable to Sailors at Leffler's farm. On October 12 and 13 Leffler's wheat was loaded by Sailors on his truck, but Sailors did not pay Leffler

for the wheat loaded. Sailors hauled the wheat to the elevator at Beverly, Nebraska, which had already paid Sailors in anticipation of his delivering Leffler's wheat. There was no further contact between Sailors and Leffler until the week of October 25, when Sailors came to Leffler's farm and told Leffler that payment for the hauled wheat would be delayed. According to Sailors, funds to pay Leffler were unavailable because Sailors' source of funds, another customer's check, had been dishonored by the bank. Actually, the Beverly elevator had stopped payment on its check for a grain contract with Sailors.

In any event, Sailors testified he needed the money from the unpaid check of the Beverly elevator "[t]o keep the flow going." Sailors further acknowledged that his grain transactions could be described as "taking from Peter to pay Paul."

Without payment to Leffler, Sailors filed bankruptcy in November 1982. After Sailors filed bankruptcy an information was filed charging Sailors with theft by deception in violation of § 28-512(1), which, in its applicable part, provides:

A person commits theft if he obtains property of another by deception. A person deceives if he intentionally:

(1) Creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise . . . .

The word deceive does not include falsity as to matters having no pecuniary significance, or statements unlikely to deceive ordinary persons in the group addressed.

In a pretrial motion Sailors requested that the information be quashed on the claim that § 28-512(1) was unconstitutionally vague and deprived Sailors of due process. In a motion in limine before trial

Sailors asked that the county attorney be ordered not to introduce evidence of Sailors' grain purchases from his unpaid customers other than Leffler. The district court overruled Sailors' pretrial motions.

At trial prosecution witnesses testified about grain transactions in which Sailors contracted for and obtained grain but never paid for the grain received pursuant to such contracts made near the time of the Leffler transaction.

The jury found Sailors guilty of theft by deception concerning the Leffler transaction.

Sailors contends that § 28-512(1) is unconstitutionally vague, and, therefore, Sailors' conviction cannot stand.

" '[B]efore a law can be determined unconstitutional, the express provision of our constitution which the law contravenes must be pointed out.' " *Metropolitan Utilities Dist. v. City of Omaha*, 171 Neb. 609, 613, 107 N.W.2d 397, 401 (1961).

Statutes are presumed to be constitutional, and unconstitutionality must be clearly established.

The test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . . A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding. . . . In determining whether a statute is vague and therefore does not give a defendant adequate notice that his conduct is proscribed, the statute must be examined in light of the conduct with which the defendant is charged. . . .

. . . The prohibition against vagueness does not invalidate a statute simply because it could have been drafted with greater precision. The test is whether the defendant could reasonably understand that his conduct was proscribed by the statute.

(Citations omitted.) *State v. Sprague*, 213 Neb. 581, 587-88, 330 N.W.2d 739, 744 (1983). "[E]ven in criminal statutes the language adopted need not afford an interpretation approaching mathematical certainty. In determining the sufficiency of notice, a statute must of necessity be examined in light of the conduct with which a defendant is charged." *State v. A.H.*, 198 Neb. 444, 449, 253 N.W.2d 283, 286 (1977).

We note that § 28-512(1) is patterned on the Model Penal Code § 223.3 (1980), which in part provides:

A person is guilty of theft if he purposely obtains property of another by deception. A person deceives if he purposely:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise . . . .

The term "deceive" does not, however, include falsity as matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

In *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972), the U.S. Supreme Court declared the standard to be used in determining whether a statute is void for vagueness is when it

"fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 617 [74 S. Ct. 808, 98 L. Ed. 989 (1954)], and because it encourages arbitrary and erratic arrests and convictions. *Thornhill v. Alabama*, 310 U.S. 88 [60 S. Ct. 736, 84 L. Ed. 1093 (1940)]; *Herndon v. Lowry*, 301 U.S. 242 [57 S. Ct. 732, 81 L. Ed. 1066 (1937)].

Statutes substantially similar to § 28-512(1) involv-

ing the crime of theft by deception have been upheld at state and federal levels.

In *Com. v. Linder*, 284 Pa. Super. 327, 425 A.2d 1126 (1981), the court considered the constitutionality of 18 Pa. Cons. Stat. Ann. § 3922 (Purdon 1973), which provides:

(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

. . . .

(b) Exception.—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

After applying the *Papachristou* standard, the court in *Com. v. Linder, supra*, stated at 425 A.2d at 1129-30:

Section 3922 of the Crimes Code clearly gives a person of ordinary intelligence notice that it is unlawful for that person to intentionally create a false impression in the mind of another and then use the other person's reliance on the false impression to obtain someone else's property. This statute does not penalize a person for what is in his mind, as appellant argues, but rather it punishes a person for his actions in creating the false impression and thereby obtaining another's property. The phrase "or other state of mind" was used in subsection (a)(1) of section 3922 because the legislature recognized that a person could create other potentially harmful false impressions besides ones of law, value, and

intention. We conclude that the first prong of the test for vagueness is satisfied.

The second prong of the test for vagueness requires the determination of whether section 3922 encourages arbitrary and erratic arrests and convictions. This determination "focuses not on the actor's perception of the statutes' wording, but rather on the enforcement method of the police and the court's disposition of the indictment before it." *Commonwealth v. DeFrancesco*, *supra* [481 Pa. 595], at 608, 393 A.2d [321] at 328 [1978]. Having carefully reviewed section 3922, we conclude that the wording of the statute does not encourage the police and the courts to exercise unfettered discretion.

Constitutionality of Arkansas statutes regarding theft by deception was upheld by the court of appeals in *Hixson v. Housewright*, 642 F.2d 242 (8th Cir. 1981). Ark. Stat. Ann. § 41-2203 (repl. 1977) contained in part the following: "(1) A person commits theft of property if he: . . . (b) knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof." Ark. Stat. Ann. § 41-2201 (repl. 1977) read in part as follows:

(3) "Deception" means:

(a) creating or reinforcing a false impression, including false impressions of fact, law, value or intention or other state of mind that the actor does not believe to be true . . . .

Deception as to a person's intention to perform a promise shall not be inferred solely from the fact that he did not subsequently perform the promise. Deception does not include falsity as to matters having no pecuniary significance or puffing by statements unlikely to deceive ordinary persons in the group addressed.

In *Hixson* the eighth circuit held at 246-47:

However, deception as to a person's intention to perform a promise cannot be inferred solely

from the fact that he did not subsequently perform the promise. There has to be an intent to deceive and in so doing to deprive another of his property. That is what the statute says and is what the jury found to have happened in this case. This criminal intent is in no way limited to present or past events. It is also aimed squarely at the sort of thing appellant was convicted of here. The Supreme Court has held that if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague. Also, if the general class of offenses can be made constitutionally definite by a reasonable construction of the statute, the court is under a duty to give it that construction. . . .

Here, the general class of offenses, theft by deception or false pretenses, is within the terms of the Arkansas statute and we are duty bound to give it a construction which upholds its constitutionality in the circumstances present. The statute promotes a long-standing state interest in prohibiting deceptive schemes and confidence games. The crucial element of intent to deceive may be proven in many ways, such as has been done here, by showing the nature of the false impressions or misrepresentations, by showing the deceiving party lacked present or future ability to make good his representations, and by demonstrating an ongoing scheme or pattern of deception. That statute is not constitutionally infirm, as alleged.

Constitutionality of a statute prohibiting theft by deception is generally maintained by the indispensable element of criminal intention and required proof of the perpetrator's guilty knowledge about the transaction which is the subject of the criminal charge. It is the required element 'of guilty knowledge, criminal intent, which distinguishes a civil breach of contract from theft by deception—a per-

son's knowingly creating a false impression in order to obtain another's property. Consequently, we hold that § 28-512(1) is not unconstitutionally vague; does give reasonable notice regarding the conduct prohibited; and is not susceptible to enforcement or application in a discriminatory manner. In other words, § 28-512(1), theft by deception, affords due process required by the Constitutions, both state and federal.

Concerning Sailors' claim that his acts outside the Leffler transaction are inadmissible, the only question regarding adduction of evidence about other acts was raised by Sailors' motion in limine.

When a court overrules a motion in limine, it is incumbent upon the movant to make an objection to the particular evidence sought to be adduced or offered by the State. A defendant cannot predicate error on the admission of evidence to which no objection was made at the time the evidence was adduced. *State v. Tomrdle*, 214 Neb. 580, 335 N.W.2d 279 (1983). Because Sailors, during trial, did not object to testimony from prosecution witnesses regarding other grain transactions, we cannot consider any question about the admissibility of other transactions or acts outside the Leffler transaction for which Sailors was prosecuted.

Finally, Sailors contends that his sentence of 18 months to 3 years is excessive. Sailors was charged with theft by deception of property valued in excess of $1,000 in violation of § 28-512(1). Violation of § 28-512(1) is a Class III felony, punishable by 1 to 20 years' imprisonment, $25,000 fine, or by both such imprisonment and fine. See Neb. Rev. Stat. §§ 28-518(1) and 28-105(1) (Reissue 1979).

The sentence imposed in this case is within the statutory limits. A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion on the part of the sentencing court. See *State v. Robish*, 214 Neb. 190, 332 N.W.2d 922 (1983). See, also, *State v. Parks*, 212

Neb. 635, 324 N.W.2d 673 (1982); *State v. Neal*, 216 Neb. 796, 346 N.W.2d 221 (1984). Although Sailors has no prior felony conviction, under the circumstances in this case we cannot conclude that there was an abuse of discretion on the part of the trial court imposing the sentence as it did.

The judgment of the trial court is affirmed in all respects.

AFFIRMED.