REQUESTED BY: Wesley Nespor Greeley County Attorney
You have requested our opinion regarding unlawful branding of cattle. More specifically, you question whether the criminal act is the unlawful branding itself or maintenance of a herd which has been unlawfully branded.
Neb. Rev. Stat. § 54-101(1) (1993) provides:
 A brand shall mean an identification mark that is applied to the hide of a live animal by a hot iron on either side in any one of three locations, the shoulder, ribs, or hip. . . .
Neb. Rev. Stat. § 54-101(31) (1993) provides:
 Freeze brand shall mean any such mark or brand that is created on a live animal in a depigmentation technique, whereby the pigment-producing cells in the skin of an animal are destroyed by the application of intense cold to the skin area[.]
Neb. Rev. Stat. § 54-101.01 (1993) provides:
 [I]t shall be unlawful to brand any live animal other than by the use of a hot iron except that it shall be permissible to use a freeze brand for year or production recording brands [emphasis added].
Neb. Rev. Stat. § 54-106 (1993) provides:
 It shall be unlawful to use any brand for branding
any horses, cattle, mules, or asses unless the person, persons, partnership, limited liability company, association, or corporation using such brand has recorded that brand with the Nebraska Brand Committee [emphasis added].
Neb. Rev. Stat. § 54-156 provides that any person or entity who violates § 54-101.01 or § 54-106 shall be deemed guilty of a Class II misdemeanor.
Criminal statutes must be strictly construed to ensure that defendants receive fair warning of what constitutes criminal conduct. Huddleston v. United States, 415 U.S. 814, 831 (1974);United States v. Bass, 404 U.S. 336, 348 (1971); United States v.Speidell, 562 F.2d 1129, 1131-32 n. 4 (8th Cir. 1977); State v.Douglas. 222 Neb. 833, 838 (1986). In criminal trials, the state must prove each material element beyond a reasonable doubt in order to convict the defendant of the specific crime charged.State v. Gorman, 232 Neb. 738, 741 (1989); State v. Scott,225 Neb. 146, 154 (1987); State v. Breaker, 178 Neb. 887, 895 (1965).
The act of unlawful branding, whether by freeze brand or by unrecorded brand, has been defined by Nebraska law as a criminal offense. The possession of an illegally branded animal is not defined as a crime. The issue then becomes one of proof. Prosecutions under both Neb. Rev. Stat. §§ 54-101.01 and54-106 are dependent upon evidence that the defendant engaged in unlawful branding. Mere maintenance of a herd of unlawfully branded animals is not punishable.
Sincerely,
 DON STENBERG Attorney General
 William L. Howland Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General